S10A0296. STOKES v. THE STATE.
(695 SE2d 206)

HINES, Justice.

Defendant Nathan Stokes appeals an order of the Superior Court of Cobb County dismissing as untimely Stokes's "amended" motion to withdraw his guilty pleas. The determinative question is whether Stokes's in-term pro se letter to the clerk of court was, in fact, a motion to withdraw his guilty pleas for the purpose of rendering the subsequent out-of-term motion an amendment and timely for consideration by the superior court. Finding that it was not, we affirm.

On September 18, 2008, Stokes was charged, along with two other men, in a fifteen-count indictment stemming from a June 16, 2008 armed robbery and a June 20, 2008 armed robbery, during

which one of the victims was fatally shot.[1] Counsel was appointed to represent Stokes on September 25, 2008.

In regard to both criminal incidents, on February 2, 2009, Stokes entered negotiated pleas of guilty to one count of felony murder and one count of robbery, as a lesser included offense of the charged armed robbery; an order of nolle prosequi was entered in regard to the remaining thirteen counts of the indictment. That same day, Stokes was sentenced to life in prison for felony murder and a consecutive 20 years in prison for robbery.

On February 23, 2009, the office of the Clerk of the Superior Court of Cobb County received and filed the following pro se handwritten letter from Stokes, dated February 17, 2009:

To: Mr Jay C Stephenson, Clerk, SC.

08.9.4253.49

How you doing Mr. Jay C. Stephenson. Im writing you today on my behalf because I didnt receive my discovery packet at all. And I feel like my lawyer, district attorney who work on my case trick me into taken time that I didnt have to take. So I would like if you could please send me my discovery packet. So I could look over my case because I want to appeal my case.

Thank You,
Nathan Stokes, 858369

On February 23, 2009, the office of the Clerk of the Superior Court of Cobb County responded to Stokes with a letter and the enclosure of copies of all of the filings in his referenced case. The term of the Superior Court of Cobb County ended on March 9, 2009. Subsequently, Stokes was provided with appointed appellate counsel. On May 27, 2009, Stokes filed an "Amended Motion to Withdraw Plea of Guilty and Request for Hearing," alleging the ineffectiveness of trial counsel. The superior court ruled that this motion was untimely as it was filed outside the term of court in which the pleas were entered, and consequently dismissed it for lack of jurisdiction.

A motion to withdraw a guilty plea is subject to the term-of-court rule, which bars a trial court from consideration of such a motion

---

[1] Collectively, the indictment charged Stokes with malice murder; two counts of felony murder; four counts of aggravated assault with a deadly weapon; four counts of aggravated assault with intent to rob; armed robbery; false imprisonment; and two counts of possession of a firearm during the commission of a crime.

once the term of court in which the subject plea was entered has expired. *Ellison v. State*, 283 Ga. 461 (660 SE2d 373) (2008). The fact that a defendant raises a claim of the ineffective assistance of trial counsel in the motion does not bring it outside the term-of-court rule. *Rice v. State*, 277 Ga. 649 (594 SE2d 335) (2004). Indeed, under those circumstances, the defendant must seek to withdraw the guilty plea through habeas corpus proceedings. Id. Thus, the superior court was without jurisdiction to entertain the pleading filed by counsel on behalf of Stokes on May 27, 2009, if such pleading was Stokes's initial motion to withdraw his guilty pleas. And, examination of the pro se letter earlier sent by Stokes compels the conclusion that the May 27, 2009 filing was the only attempt by Stokes to withdraw his pleas. While in his letter, Stokes complained about not receiving discovery materials and indicated a contemplated future appeal of his case, at no time did he expressly or impliedly indicate that he was seeking to then withdraw his guilty pleas. Thus, it was not error for the superior court to dismiss Stokes's "Amended Motion to Withdraw Plea of Guilty and Request for Hearing" for want of jurisdiction.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Nicholas G. Dumich*, for appellant.
*Patrick H. Head, District Attorney, Jesse D. Evans, Dana J. Norman, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.