307 Ga. 151
FINAL COPY

S19A1352.  DOS SANTOS v. THE STATE.

NAHMIAS, Presiding Justice.

On April 16, 2018, Tia Marie Dos Santos entered negotiated guilty pleas to felony murder and other crimes. In the same term of court, she filed a pro se motion to withdraw her guilty pleas. The trial court denied the motion as meritless, and Dos Santos timely appealed to this Court. As we explain below, under our decision in *White v. State*, 302 Ga. 315 (806 SE2d 489) (2017), the trial court should have dismissed Dos Santos's pro se motion as a legal nullity, because she was still represented by her plea counsel when she filed the motion. We therefore vacate the trial court's judgment and remand the case with direction to dismiss the motion to withdraw guilty pleas as inoperative. We also recognize, as we did not in *White* and some other cases, that had the trial court properly dismissed the motion, we would properly dismiss a subsequent appeal from that judgment, rather than affirming the judgment. Finally, we

emphasize how important it is for criminal defense lawyers not to abandon their clients immediately after a guilty plea, and we discuss how to deal with some of the practical issues that may arise from the holdings in *White* that we reiterate today.

1. On May 11, 2017, a Clayton County grand jury indicted Dos Santos for murder and a variety of other crimes, most of which were in connection with the non-fatal shooting of her ex-boyfriend Jose Moore, the fatal shooting of his new girlfriend Claudette Duclos, and the aggravated assault of a bystander. Three weeks later, a lawyer who apparently was retained by Dos Santos's mother filed an entry of appearance in the case. On April 16, 2018, the first day of her scheduled trial, Dos Santos, who was still represented by counsel, entered negotiated guilty pleas under *North Carolina v. Alford*, 400 U.S. 25 (91 SCt 160, 27 LE2d 162) (1970), to felony murder based on aggravated assault, two counts of aggravated assault (of Moore and the bystander), and theft by taking. In exchange, the State agreed to nolle pros the remaining charges and to recommend sentences of life in prison with the possibility of parole for the murder and

concurrent terms of twenty years for the two aggravated assaults and ten years for the theft. The trial court then sentenced Dos Santos in accordance with the negotiated agreement. The court filed the final judgment of conviction and sentence that same day.

Eight days later, on April 24, Dos Santos filed a pro se motion to withdraw her guilty pleas.[1] The trial court's new term of court began less than two weeks later, on May 7. See OCGA § 15-6-3 (10) (fixing the starting dates for the terms of the Clayton County Superior Court as the "[f]irst Monday in February, May, August, and November"). On May 11, the trial court filed an order saying that Dos Santos had appeared at a motions hearing that day and had indicated that she wanted to retain a new lawyer. The court ordered

---

[1] Although Dos Santos had the right to withdraw her guilty pleas before the trial court pronounced its sentence, see OCGA § 17-7-93 (b), "[a]fter sentencing, a defendant may withdraw a guilty plea only to correct a manifest injustice, such as where the defendant was denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." *McGuyton v. State*, 298 Ga. 351, 353 (782 SE2d 21) (2016) (citation and punctuation omitted). See also USCR 33.12. In her pro se motion, Dos Santos claimed that her guilty pleas were involuntary because she was coerced into entering them by her plea counsel and her mother and because her plea counsel provided ineffective assistance by misadvising her about her ability to appeal her case and by continuing to represent her after her mother had fired him.

Dos Santos to retain new counsel by June 11; otherwise, new counsel would be appointed for her. On May 14, Dos Santos's plea counsel filed a written request to withdraw from the case, which the trial court granted on May 22. The court appointed post-conviction counsel for Dos Santos, and he filed an entry of appearance. He did not file a new or amended motion to withdraw the guilty pleas.

On July 31, 2018, the trial court held an evidentiary hearing on Dos Santos's pro se motion, at which her post-conviction counsel presented argument and called as witnesses Dos Santos, her plea counsel, her mother, and her mother's boyfriend.[2] On December 31, 2018, the trial court entered an order denying Dos Santos's motion on the merits. Through her post-conviction counsel, Dos Santos then filed a timely notice of appeal, and in her appellate brief she raises essentially the same claims that she asserted in the pro se motion and at the hearing. We do not consider the merits of those claims,

---

[2] At the hearing, her counsel argued the claims that Dos Santos had raised in her pro se motion, as well as claims that she was not informed of the possible sentencing ranges and that her plea counsel provided ineffective assistance by misadvising her about the possible sentencing ranges and by failing to file a request for a voluntary manslaughter instruction.

4

however, because Dos Santos's pro se motion was a legal nullity and should have been dismissed by the trial court on that ground.

2. Two years ago in *White v. State*, 302 Ga. 315, we considered whether White's two pro se motions to withdraw his guilty pleas, which were timely filed during the same term of court in which he was convicted and sentenced, were properly dismissed by the trial court on the ground that he was represented by counsel when he filed them. See id. We rejected White's argument that a criminal defendant should be deemed unrepresented immediately after the entry of sentence and concluded instead that counsel's representation does not "terminate[ ] automatically on the entry of a judgment and sentence — whether following the return of a jury verdict or the entry of a guilty plea." Id. at 317-318. To conclude otherwise, we explained,

> would deprive defendants of the "guiding hand of counsel," *Powell v. Alabama*, 287 U. S. 45, 69 (53 SCt 55, 77 LE 158) (1932), at a point in the proceeding when important decisions need to be made and actions potentially taken, often with short deadlines, regarding the filing of a post-trial motion (e.g., a motion for new trial), a post-plea motion (e.g., a motion to withdraw a

5

guilty plea), or a notice of appeal. Such a holding also would contradict this Court's precedents on out-of-time appeals, which recognize that defense counsel's duties toward their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed.

Id. at 318. We therefore held that,

> at a minimum, legal representation continues – unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, see USCR 4.3 (1)-(3) – through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea . . . .

Id. at 319.

Applying this holding, we explained that when White filed his pro se motions to withdraw his guilty pleas, he was still represented by his plea counsel, because the motions were filed during the term in which White was convicted and sentenced and his counsel had not properly withdrawn from the case. See *White*, 302 Ga. at 319. Thus, the trial court correctly dismissed White's pro se motions as "legal nullities," because "'[a] criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore

6

"unauthorized and without effect."'" Id. (quoting *Tolbert v. Toole*, 296

Ga. 357, 363 (767 SE2d 24) (2014) (quoting *Cotton v. State*, 279 Ga.

358, 361 (613 SE2d 628) (2005))).

3. In this case, Dos Santos, like White, filed her pro se motion

to withdraw her guilty pleas before the end of the term of court in

which she was sentenced, which is the deadline for filing such a

motion. See *Brooks v. State*, 301 Ga. 748, 751 (804 SE2d 1) (2017)

("'A motion to withdraw a guilty plea must be filed within the same

term of court as the sentence entered on the guilty plea.'" (citation

omitted)). However, when she filed her motion, Dos Santos was still

represented by her plea counsel, who had a duty under *White* to

continue his representation of her at least through the end of the

term of court, unless he properly withdrew from the case or was

replaced by substitute counsel. The record indicates that plea

counsel did not even request to withdraw from Dos Santos's case

until a week after the term had ended, and the trial court did not

file its order permitting him to do so until more than a week after

7

that.[3]

Accordingly, just like White, Dos Santos's pro se motion to withdraw her pleas was unauthorized and without effect, because she had no right to represent herself at the same time she was represented by a lawyer. See *White*, 302 Ga. at 319. See also *Williams v. Moody*, 287 Ga. 665, 669 (697 SE2d 199) (2010) ("A pro se motion filed by a convicted defendant while represented by counsel is 'unauthorized and without effect.'" (citation omitted)); *Cargill v. State*, 255 Ga. 616, 622-623 (340 SE2d 891) (1986) (holding that neither the Sixth Amendment to the United States Constitution

---

[3] In her motion to withdraw her guilty pleas and at the hearing on the motion, Dos Santos claimed that shortly before she entered her pleas, her mother, who had retained plea counsel, fired him. But the testimony at the hearing established that plea counsel properly told Dos Santos's mother that she could not fire him and that only the trial court could allow him to withdraw from the case. See USCR 4.3; *Tolbert*, 296 Ga. at 362 ("A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." (citation and punctuation omitted)). See also Rule 1.8 (f) of the Georgia Rules of Professional Conduct ("A lawyer shall not accept compensation for representing a client from one other than the client unless . . . there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship . . . ."). Nothing in the record indicates that Dos Santos — plea counsel's client — had discharged him or that the trial court permitted his withdrawal at any time before the end of the term of court.

nor the Georgia Constitution affords a criminal defendant the hybrid right to simultaneously represent himself and to be represented by counsel), overruled on other grounds by *Manzano v. State*, 282 Ga. 557 (651 SE2d 661) (2007). The trial court should have dismissed Dos Santos's pro se motion rather than ruling on its merits. See *White*, 302 Ga. at 320.[4] We therefore vacate the trial court's judgment and remand the case with direction to dismiss the motion. See *Brooks*, 301 Ga. at 752. See also *Cason v. State*, 348 Ga. App. 828, 830 (823 SE2d 357) (2019); *Hernandez-Ramirez v. State*, 345 Ga. App. 402, 403 (812 SE2d 798) (2018).

4. Our consideration of the proper judgment in this case has led to the realization that our judgment lines in *White* and similar cases were incorrect. Where a filing in a criminal case is a legal

---

[4] Dos Santos had new counsel who represented her at the hearing on her motion, but that could not breathe life into her inoperative pleading. The new lawyer did not file a new motion to withdraw Dos Santos's guilty pleas, but even if he had done so, the term of court in which she was sentenced was over before he began representing her, so such a motion would have been untimely, and the trial court would have lacked jurisdiction to grant it. See *White*, 302 Ga. at 320. New counsel also did not amend the pro se motion, but even if he had, "an amended motion is not a time machine that allows a litigant to change past events," and "a pleading purporting to amend a prior filing that was a nullity . . . does not relate back in time to the date of the non-filing." Id.

9

nullity, we have held in several contexts not only that the trial court should dismiss the nugatory filing rather than ruling on its merits, but also that no appeal from such an inoperative filing is authorized, so if a defendant appeals a trial court order that properly dismisses (or denies) such a filing as a nullity, the appeal should be dismissed rather than the trial court's judgment being affirmed. See, e.g., *Schoicket v. State*, 304 Ga. 255, 255 (818 SE2d 561) (2018) (dismissing an appeal regarding a criminal defendant's motion for a free copy of the records in her case, after the time for appeal had expired and without any showing of necessity or justification, because the motion was a nullity); *Henderson v. State*, 303 Ga. 241, 244 (811 SE2d 388) (2018) ("Because the law does not recognize a motion for a transcript at public expense filed in a criminal case after the opportunity for a direct appeal has ended, the trial court should have dismissed Henderson's motion as a nullity, and he has nothing cognizable to appeal."); *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010) (dismissing an appeal from an order denying the defendant's motion to correct his illegal conviction, because such

a motion is not an appropriate remedy in a criminal case). See also *Brooks*, 301 Ga. at 752 (discussing the disposition of appeals of trial court orders that improperly rule on the merits of a criminal defendant's motion).[5]

In *White*, however, after concluding that White's pro se motions to withdraw his guilty pleas were legal nullities properly dismissed by the trial court, we did not dismiss his appeal but rather affirmed the trial court's dismissal judgment. See 302 Ga. at 321. And in a few subsequent cases where the validity of an appellant's timely pro se motion to withdraw guilty pleas while apparently still represented by plea counsel was not put at issue in the trial court or on appeal, we have ruled on the merits of the appeal rather than considering whether the underlying motion was a nullity rendering improper the trial court's judgment on the merits. See *Bradley v.*

---

[5] We note that a motion to withdraw a guilty plea filed by counsel, or pro se by a defendant no longer represented by counsel, after the term of court expires is merely untimely, not a legal nullity, and an order on such a motion may be appealed. See *Brooks*, 301 Ga. at 751 n.6. We also note that if a defendant files a pro se notice of appeal in the same term of court that his guilty plea was entered and while still represented by plea counsel, the notice itself is a nullity and the appeal should be dismissed for that reason. See, e.g., *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018).

*State*, 305 Ga. 857, 857 n.1, 863 (828 SE2d 322) (2019); *Ringold v. State*, 304 Ga. 875, 875 n.1, 882 (823 SE2d 342) (2019); *Johnson v. State*, 303 Ga. 704, 706, 708 (814 SE2d 688) (2018).

In none of these cases, however, did we specifically address the proper disposition of an appeal from a ruling on a pro se motion that was inoperative from the start because the appellant was represented by counsel when the motion was filed. Thus, those decisions were not precedential holdings that these sorts of appeals from rulings on legally nugatory motions should be decided on their merits. See *Willis v. State*, 304 Ga. 686, 694 (820 SE2d 640) (2018). ("'[Q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'" (citation omitted)). Having now focused on the issue, we will henceforth follow the approach taken in cases like *Schoicket*, *Henderson*, and *Williams*, and will dismiss appeals from trial court orders that properly treat as legal nullities motions to withdraw guilty pleas filed pro se by defendants who are represented by counsel.

5. Defendants who plead guilty to criminal charges in Georgia courts have the right to timely pursue post-conviction remedies, including a motion to withdraw the guilty plea and an appeal. With respect to at least those two potential remedies, defendants have a Sixth Amendment right to the effective assistance of counsel to advise them about the potential remedy and to pursue the remedy if appropriate. See *White*, 302 Ga. at 318 (citing cases recognizing the potential for an out-of-time appeal from a guilty plea due to plea counsel's ineffective assistance with regard to filing a timely direct appeal); *Ringold*, 304 Ga. at 878-882 (reiterating that a defendant has a right to counsel for a timely motion to withdraw a guilty plea and an appeal from the denial of such a motion). See also *Collier v. State*, ___ Ga. ___, ___ (___ SE2d ___) (2019) (holding, in disapproval of past precedent, that a defendant has an unqualified right to appeal directly from a judgment entered on a guilty plea). In *Ringold* and *Collier*, this Court has emphasized that defense lawyers generally have a constitutional duty to consult with their clients regarding these proceedings, relying on authoritative decisions of

13

the United States Supreme Court regarding ineffective assistance of counsel in this context. See *Ringold*, 304 Ga. at 879-881 (discussing *Roe v. Flores-Ortega*, 528 U.S. 470 (120 SCt 1029, 145 LE2d 985) (2000)); *Collier*, ___ Ga. at ___ (discussing *Flores-Ortega* and *Garza v. Idaho*, ___ U.S. ___ (139 SCt 738, 203 LE2d 77) (2019)).[6]

If it was not clear enough before, these recent decisions —

---

[6] In *Ringold*, which was decided a month before *Garza*, we looked to *Flores-Ortega* to explain that if counsel adequately consulted with the defendant about an appeal — meaning that counsel "'advis[ed] the defendant about the advantages and disadvantages of taking an appeal, and ma[de] a reasonable effort to discover the defendant's wishes'" — then counsel performs deficiently "only if he fail[s] to 'follow the defendant's express directions with respect to an appeal.'" *Ringold*, 304 Ga. at 879 (quoting *Flores-Ortega*, 528 U. S. at 478). If counsel did not consult with the defendant, however, the court must determine whether the failure to consult "'itself constitute[s] deficient performance.'" Id. (quoting same). In this inquiry, the court "'must take into account all the information counsel knew or should have known.'" Id. (quoting *Flores-Ortega*, 528 U.S. at 480).

> "[A] highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."

Id. (quoting same). In *Garza*, the Supreme Court reaffirmed *Flores-Ortega* and held that plea counsel may have a duty to consult with the defendant about an appeal even when a negotiated plea agreement includes a broad appeal waiver. See *Garza*, 139 SCt at 750.

along with our reiteration of *White*'s holding today — should leave no doubt that Georgia lawyers cannot simply abandon their criminal defendant clients immediately after the defendants enter guilty pleas and are sentenced. Defense counsel are obligated to continue to represent their clients at least until the time for these post-conviction remedies expires (and if such a remedy is timely pursued, until it is resolved) — unless the lawyer is properly authorized by the trial court to withdraw from the representation or is properly replaced by substitute counsel, events that should be reflected in writing in the record for the case. See USCR 4.3 (2) and (3) (discussing "the entry of an order permitting withdrawal [of counsel]" and the "fil[ing] with the clerk of court [of] a notice of substitution of counsel"). The time period for continued representation after a judgment on a guilty plea is entered will typically be the longer of 30 days (the deadline for filing a notice of appeal unless tolled or extended, see OCGA §§ 5-6-38 and 5-6-39), or the time until the end of the term of court in which the judgment was entered (the deadline for filing a timely motion to withdraw a

guilty plea, see *White*, 302 Ga. at 320), which may be as short as the same day or as long as seven months.[7]

We recognize that these holdings may place difficult burdens on conscientious defense counsel. A guilty plea may be entered near or even on the last day of the court's term, leaving little time to consult with the defendant and to file a motion to withdraw the plea if warranted. Or a legal ground on which a motion to withdraw the guilty plea (or an appeal) would be based may create a conflict of interest for plea counsel, requiring plea counsel to be replaced by conflict-free counsel — a process that takes some time, both to identify new counsel and to comply with USCR 4.3. See *Davis v. State*, 301 Ga. 658, 658-659 (802 SE2d 246) (2017) (holding that the trial court committed reversible error by failing to appoint new

---

[7] The length of the terms for superior courts in Georgia range from two months for a few heavily populated counties, see, e.g., OCGA § 15-6-3 (3) (Fulton County) to seven months for several smaller counties, see, e.g., id. (4) (C) (Liberty County). A judgment on a guilty plea may be entered as early as the first day of the term or as late as the close of business on the last day, but a defendant is not entitled to more time for filing a motion to withdraw if he pleads guilty later in the term. See, e.g., *Barton v. State*, 331 Ga. App. 887, 888 (769 SE2d 96) (2015) (involving a defendant who filed an untimely motion to withdraw his guilty plea entered on the last business day of the court term).

counsel for the defendant to pursue his motion to withdraw guilty pleas, after he personally alleged during a hearing that his plea counsel, who still represented him, provided ineffective assistance). See also *Garland v. State*, 283 Ga. 201, 202-205 (657 SE2d 842) (2008) (explaining that because trial counsel cannot ethically assert or argue a claim that he himself provided ineffective assistance, if a claim of ineffective assistance of trial counsel is raised before appeal, the appellant is entitled to the appointment of conflict-free counsel).[8]

But before a guilty plea is entered, defense lawyers can explain to their clients the basic processes for (and limitations on) post-conviction challenges to guilty pleas, leaving only the decision to be made about whether to invoke such a process. And when time is tight, plea counsel may protect their client's interests by filing a timely, bare-bones "placeholder" motion to withdraw guilty plea, which — unlike an untimely motion or an inoperative motion filed

---

[8] Even when a lawyer recognizes a possible conflict of interest that may require him to withdraw from the representation of a client, he must "take steps to the extent reasonably practicable to protect [the] client's interests . . . ." Rule 1.16 (d) of the Georgia Rules of Professional Conduct.

pro se by the still-represented client — meets the filing deadline and might be amended later (by conflict-free new counsel if necessary). See *Esprit v. State*, 305 Ga. 429, 429 n.1 (826 SE2d 7) (2019) (noting that one defendant filed a timely motion for new trial through his trial counsel, which was later amended through new counsel to assert a claim that trial counsel provided ineffective assistance); *Berrien v. State*, 300 Ga. 489, 491 (796 SE2d 718) (2017) (considering a claim of ineffective assistance of plea counsel raised in an amended motion to withdraw guilty pleas that was filed by new counsel). Compare *White*, 302 Ga. at 320 (rejecting the argument that an amendment filed by new counsel after the term of court expired could render timely a timely-filed but inoperative pro se motion to withdraw guilty pleas); *Stokes v. State*, 287 Ga. 182, 183-184 (695 SE2d 206) (2010) (explaining that a claim of ineffectiveness of plea counsel raised in an untimely motion to withdraw a guilty plea does not render the motion timely).

We also recognize that, unfortunately, some criminal defense lawyers may not be as conscientious about their duties after their

18

clients plead guilty and are sentenced. Defendants who are abandoned by their plea counsel have a remedy, however. If a defendant's right to appeal from a guilty plea (directly or after filing a motion to withdraw the plea) is frustrated by the constitutionally ineffective assistance of plea counsel in advising the defendant about or pursuing those post-conviction remedies, the defendant may seek an out-of-time appeal in the trial court or in habeas corpus. See *Collier*, ___ Ga. at ___; *Ringold*, 304 Ga. at 879. See also *Rowland v. State*, 264 Ga. 872, 874-875 (452 SE2d 756) (1995). But see *Neal v. State*, 232 Ga. 96, 96 (205 SE2d 284) (1974) (holding that a motion seeking an out-of-time appeal should be filed as a habeas petition, not in the trial court).[9]

---

[9] In *Collier*, we noted but did not decide the question of whether the process for seeking an out-of-time appeal by motion in the trial court should continue to be allowed along with the process for doing so in habeas corpus. See ___ Ga. at ___. We need not address that question in the posture of this case either. We also note that the Court of Appeals has held that if an out-of-time appeal from a judgment entered on a guilty plea is granted, the defendant is entitled not only to file an appeal with counsel but also to file a motion to withdraw the guilty plea (and indeed must file such a motion to raise and preserve claims that his prior counsel provided ineffective assistance). See *Dawson v. State*, 302 Ga. App. 842, 843-844 (691 SE2d 886) (2010). This Court appears not to have specifically addressed that issue, however, and we need not do so at this time.

19

6. To sum up, Dos Santos's pro se motion to withdraw her guilty pleas, filed while she was still represented by plea counsel, was a legal nullity. The motion should have been dismissed on that ground by the trial court, rather than denied on the merits, and on remand the trial court is directed to dismiss the motion. No appeal will be available from that dismissal order. Dos Santos has not yet sought a remedy for her plea counsel's possible abandonment of her after her guilty plea, and we express no opinion on whether any such remedy should be granted.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 21, 2019.
Murder. Clayton Superior Court. Before Judge Carter.
*John W. Kraus*, for appellant.
*Tracy Graham Lawson, District Attorney, Elizabeth A. Baker, Jeffrey M. Hawkins, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew D. O'Brien, Assistant Attorney General*, for appellee.