309 Ga. 443
FINAL COPY

S20A0580.  RINGOLD v. THE STATE.

MᴄMɪʟʟɪᴀɴ, Justice.

Following the grant of an out-of-time appeal, Richard Terrance Ringold appeals from the trial court's November 2013 order denying his motion to withdraw his guilty plea on ineffective assistance of counsel grounds in what is now the second time this case has been before this Court. The State contends that this Court cannot reach the merits of Ringold's ineffective assistance claim because he was still represented by counsel when he filed his pro se motion to withdraw. For the reasons set forth below, we agree and conclude that Ringold's pro se filing was a legal nullity and that the trial court therefore should have dismissed the void motion rather than reach its merits.

The procedural history of this case was summarized in *Ringold v. State*, 304 Ga. 875, 876-77 (823 SE2d 342) (2019), as follows:

According to the indictment to which Ringold pled

guilty, Ringold shot and killed four individuals: Atania Butler, Rico Zimmerman, Jhane Thomas, and Lakeisha Parker. Ringold also shot N. A., a seven-year-old, but she survived. During three days of trial, in which the State was seeking the death penalty, the State presented multiple witnesses, including an eyewitness and Ringold's girlfriend, and it planned to call N. A. to testify. Ringold's trial counsel advised him that N. A. was the next and last witness, and there would be no opportunity to plead guilty after her testimony. As the courtroom was being cleared of the press before N. A. took the stand, Ringold decided to plead guilty in exchange for the State's agreement not to seek the death penalty. During the plea colloquy, the State and the trial court asked Ringold a series of questions to ensure that he was knowingly, voluntarily, and intelligently waiving his rights and pleading guilty. The court accepted Ringold's guilty plea to all of the crimes charged and sentenced him.

Approximately one month later, Ringold timely moved to withdraw his guilty plea, and the trial court held an evidentiary hearing on his motion. At the hearing, at which Ringold was represented by new counsel, Ringold testified that he did not commit the crimes; he lied to the judge during his plea colloquy; and his trial counsel failed to conduct an investigation and hire the experts that he had requested, pressured and coerced him to enter his guilty plea, and advised him to lie to the court so that he could then withdraw his plea.

However, Ringold's trial counsel testified that they did not force, pressure, or coerce Ringold into entering his guilty plea, and the decision to enter the guilty plea was Ringold's. When asked how the decision to plead guilty came about, counsel testified that, at trial, after the next-to-last witness had testified but before N. A. was to testify, Ringold was very disappointed about his

girlfriend's testimony because he had assumed that she was going to change her story in his favor, and she did not. He asked to talk to counsel, and counsel advised him that, if he could plead guilty and avoid the death penalty, he should do it.

At the conclusion of the hearing, the trial court announced that it would deny Ringold's motion to withdraw. The trial court did not mention Ringold's right to appeal on the record. On November 12, 2013, the trial court entered an order denying the motion, which again did not mention Ringold's right to an appeal.

Ringold filed a pro se motion for an out-of-time appeal in 2017, arguing that his motion-to-withdraw counsel was ineffective under the Sixth Amendment to the United States Constitution because counsel was deficient in not advising him of his right to appeal, and that deficient performance prejudiced him because it deprived him of an appeal, where he might have prevailed. On October 19, 2017, the trial court denied Ringold's motion summarily and without holding a hearing.

Ringold appealed the denial of the motion for out-of-time appeal, and in January 2019, this Court issued an opinion vacating the trial court's order denying Ringold's motion and remanding the case with instruction for the trial court to determine whether Ringold's motion-to-withdraw counsel was ineffective in failing to file a timely notice of appeal consistent with the test set out in *Roe v. Flores-Ortega*, 528 U.S. 470 (120 SCt 1029, 145 LE2d 985) (2000).

See *Ringold*, 304 Ga. at 882.

On remand, the trial court appointed new counsel, who filed a motion for new trial that was treated as a motion for out-of-time appeal. At a hearing on February 28, 2019, the State conceded that the trial court had not advised Ringold of his right to appeal and proffered that Ringold's post-conviction counsel could not recall if he properly advised Ringold on that matter. Therefore, the State consented to Ringold's out-of-time appeal, and on May 23, 2019, the trial court granted the out-of-time appeal as well as Ringold's request for the appointment of appellate counsel. With the assistance of counsel, Ringold now appeals and in his sole enumeration of error asserts that the trial court erred in denying his motion to withdraw his guilty plea because his plea counsel rendered constitutionally ineffective assistance during the guilty plea.

We begin by noting that, although Ringold's pro se motion to

withdraw his guilty plea was timely filed on November 30, 2012,[1] the record shows that he was still represented by counsel at the time of his filing. His attorneys' motion to withdraw as counsel of record, which was not granted by the trial court until December 12, 2012, does not change this fact. See *Tolbert v. Toole*, 296 Ga. 357, 362 (3) (767 SE2d 24) (2014) ("A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." (citations and punctuation omitted)). See also *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017) ("[A]t a minimum, legal representation continues — unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, see USCR 4.3 (1)-(3) —

---

[1] See *Brooks v. State*, 301 Ga. 748, 751 (2) (804 SE2d 1) (2017) (motion to withdraw guilty plea must be filed within same term of court as the judgment entered on the guilty plea). Ringold entered his guilty plea on October 23, 2012. The original sentence was filed on October 26, 2012, and an amended sentence was filed on October 29, 2012. The terms of court for Gwinnett County (in the Gwinnett Circuit) are the "[f]irst Monday in March, June, and December and second Monday in September." OCGA § 15-6-3 (20).

through the end of the term at which a trial court entered a judgment of conviction and sentence on a guilty plea . . . ."). Cf. *Walker v. State*, __ Ga. __, __ (1) (843 SE2d 561) (2020) (trial court's on-the-record finding that defendant had freely, intelligently, and knowingly elected to waive his right to counsel and to represent himself was sufficient to make effective defendant's pro se motion for new trial filed the next day).

Thus, we must conclude that Ringold's pro se motion to withdraw his guilty plea was a legal nullity that presented nothing for the trial court to decide. See *Dos Santos v. State*, 307 Ga. 151, 154 (3) (834 SE2d 733) (2019) ("[Appellant's] pro se motion to withdraw her pleas was unauthorized and without effect, because she had no right to represent herself at the same time she was represented by a lawyer.").[2] And although Ringold's new counsel

---

[2] We take this opportunity to reiterate our admonition that "Georgia lawyers cannot simply abandon their criminal defendant clients immediately after the defendants enter guilty pleas and are sentenced." *Dos Santos*, 307 Ga. at 157 (5). "And when time is tight, plea counsel may protect their client's interests by filing a timely, bare-bones 'placeholder' motion to withdraw guilty plea, which — unlike an untimely motion or an inoperative motion filed pro se by the still-represented client — meets the filing deadline and might be amended later (by conflict-free new counsel if necessary)." Id. at 159 (5).

later filed a purported "amended" motion to withdraw guilty plea in August 2013, that motion was filed well outside the term of court in which Ringold's plea was entered and "could not breathe life into [his] inoperative pleading." Id. at 155 (3) n.4. See also *White*, 302 Ga. at 320 (3) ("[A]n amended motion is not a time machine that allows a litigant to change past events."). The trial court therefore should have dismissed Ringold's pro se motion, rather than deny it on the merits.[3] See *Dos Santos*, 307 Ga. at 155 (3). Accordingly, we vacate the trial court's November 12, 2013 order denying the motion to withdraw guilty plea and remand with instructions to dismiss

---

[3] We note that this Court has since held that a criminal defendant has an unqualified right to appeal directly from a judgment entered on a guilty plea. See *Collier v. State*, 307 Ga. 363, 367-69 (1) (834 SE2d 769) (2019). And where a defendant's right to appeal from a guilty plea is frustrated by the constitutionally ineffective assistance of plea counsel in advising the defendant about or pursuing a post-conviction remedy, the defendant may seek an out-of-time appeal in the trial court or in habeas corpus. See *Dos Santos*, 307 Ga. at 159 (5). However, Ringold has not alleged that his plea counsel were ineffective for failing to advise him on withdrawing his plea (as opposed to his claims that plea counsel were ineffective in advising him to *enter* the guilty plea and that post-conviction counsel was ineffective in failing to advise him of his right to appeal from the denial of his motion to withdraw his guilty plea), and we express no opinion on the viability of any such claim.

Ringold's November 30, 2012 pro se filing.[4] See *Ricks v. State*, 307 Ga. 168, 170 (835 SE2d 179) (2019).

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED AUGUST 10, 2020.
Murder. Gwinnett Superior Court. Before Judge Beyers.
*Edwin J. Wilson*, for appellant.
*Daniel J. Porter, District Attorney, Lee F. Tittsworth, Daniel Sanmiguel, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

---

[4] We remind Ringold that no appeal will be available from that dismissal order. See *Dos Santos*, 307 Ga. at 160 (6).