309 Ga. 857
FINAL COPY

S20A0963.  MEHEUX v. THE STATE.

McMILLIAN, Justice.

Appellant Darien Meheux appeals his 2014 conviction for the malice murder of Jasmine Benjamin, asserting that the trial court erred in admitting a handwritten statement and that his trial counsel was constitutionally ineffective. However, because Meheux, acting pro se, filed a motion for new trial while he was still represented by trial counsel and his amended motion for new trial filed by counsel was untimely, the trial court should have dismissed the motion rather than deciding it on the merits, and we therefore vacate the judgment and remand the case with direction for the trial court to dismiss the motion.

The procedural history of this case is fairly straightforward. On January 21, 2014, the trial court entered Meheux's judgment of conviction and sentence for malice murder. Acting pro se, Meheux timely filed a motion for new trial on February 12, 2014, while he

was still represented by trial counsel. Not until April 25, 2014, did Meheux's trial counsel move to withdraw as counsel. On September 2, 2014, the trial court granted the order permitting withdrawal of trial counsel.[1]

On March 12, 2015, Meheux's current appellate counsel filed an entry of appearance, and over 18 months later, counsel filed an amended motion for new trial.[2] On March 21, 2018, the trial court held a hearing on the amended motion, and approximately one month later, the State and counsel for Meheux submitted post-hearing briefs. On July 23, 2018, the trial court denied the amended motion for new trial on the merits, and Meheux's appellate counsel timely filed a notice of appeal from the denial of the motion for new trial.

Although not raised by either party, we address the initial question of whether we can reach the merits of Meheux's claims.

---

[1] The record does not explain why Meheux, rather than counsel, filed the motion for new trial when counsel had not yet moved to withdraw.

[2] Although the amended motion for new trial does not appear in the record, the trial court referenced the filing date of the amended motion in its order denying the motion.

OCGA § 5-5-40 (a) authorizes a 30-day period after the entry of a judgment on the verdict to file a motion for new trial. However, "if a defendant files a motion for new trial on his own behalf when he is still represented by counsel, that motion is a legal nullity." *Pounds v. State*, 309 Ga. 376, 377 (2) (b) (846 SE2d 48) (2020) (citing cases). Here, because Meheux was still represented by counsel at the time of his pro se motion, his counsel did not move to withdraw until over a month later, and the trial court did not grant the withdrawal until over five months after that, Meheux's motion had no legal effect. See id. And although appellate counsel attempted to amend Meheux's pro se motion and the trial court ruled on the amended motion for new trial,[3] a legal nullity cannot be amended. See id. at 384 (4); *Dos Santos v. State*, 307 Ga. 151, 155 (3) n.4 (834 SE2d 733) (2019). Thus, the "amended" motion for new trial was actually the first operative

[3] The record does not indicate that appellate counsel sought an out-of-time appeal, and we express no opinion about the merits of any motion for out-of-time appeal that may be filed at this juncture. See *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995) ("A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal." (citations omitted)).

motion for new trial. However, that motion was filed well outside the 30-day time period required by OCGA § 5-5-40 (a), so the trial court should have dismissed the untimely motion rather than deciding it on the merits.[4] See *Pounds,* 309 Ga. at 379 (2) (b) ("[W]hen a trial court is presented with a motion it lacks jurisdiction to decide, the trial court should dismiss the motion rather than deny it." (citation and punctuation omitted)). In addition, because the "time period for filing a notice of appeal is not tolled by an untimely motion for new trial," to the extent that Meheux is appealing from his underlying judgment of conviction and sentence, that appeal is also untimely. See *Fulton v. State,* 277 Ga. 126, 127 (587 SE2d 20) (2003).

---

[4] It appears from the record that counsel was retained for trial and withdrew to allow Meheux to apply for appellate counsel with the Office of the Public Defender. "We take this opportunity to reiterate our admonition that Georgia lawyers cannot simply abandon their criminal defendant clients immediately after" a judgment of conviction. *Ringold v. State,* 309 Ga. __, __ n.2 (847 SE2d 181) (2020) (Case No. S20A0580, decided August 10, 2020) (citation and punctuation omitted). "[W]hen time is tight, . . . counsel may protect their client's interests by filing a timely, bare-bones placeholder motion [for new trial]," which can be amended later by new counsel, or a notice of appeal. Id. (citation and punctuation omitted).

Accordingly, we vacate the trial court's July 23, 2018 order denying the amended motion for new trial and remand with instructions to dismiss the motion as untimely.[5]

*Judgment vacated and case remanded with direction. All the Justices concur, except Warren, J., not participating.*

Decided September 28, 2020.

*Murder. Lowndes Superior Court. Before Judge Tunison.
Wade N. Krueger*, for appellant.
*Bradfield M. Shealey, District Attorney, Michelle T. Harrison, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.

---

[5] We remind Meheux that no appeal will be available from that dismissal order. See *Ringold*, 309 Ga. at 446 n.4.