**FOURTH DIVISION
DILLARD, P. J.,
MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 12, 2021**

# In the Court of Appeals of Georgia

A21A0241. MENDEZ v. THE STATE.

MERCIER, Judge.

Israel Mendez Mendez appeals from the trial court's order denying his motion for out-of-time appeal. For reasons that follow, we vacate the trial court's judgment and remand for further proceedings.

In 2015, Mendez pled guilty to child molestation and was sentenced to a total of 20 years, with 12 years to be served in prison and the remainder on probation. Mendez subsequently filed a motion for out-of-time appeal, alleging that deficient performance by his plea counsel frustrated his right to appeal. Specifically, he claimed that plea counsel failed to advise him of his appellate rights and failed to file a timely appeal. In connection with his motion, Mendez requested that the trial court

hold an evidentiary hearing "to determine if counsel was ineffective as stated[.]" The trial court, however, summarily denied Mendez's motion without a hearing.

Mendez argues on appeal – and the State concedes – that the trial court erred in denying his motion without conducting an evidentiary hearing. We agree. In Georgia, a defendant who pleads guilty to criminal charges has "the right to timely pursue post-conviction remedies, including . . . an appeal." *Dos Santos v. State*, 307 Ga. 151, 156 (5) (834 SE2d 733) (2019). The defendant also has a Sixth Amendment right to effective assistance of counsel regarding such appeal. See id. If the defendant's appellate rights are "frustrated by the constitutionally ineffective assistance of plea counsel in advising the defendant about or pursuing . . . post-conviction remedies, the defendant may seek an out-of-time appeal in the trial court." Id. at 159 (5).

Mendez raised an ineffective assistance claim in his motion for out-of-time appeal. But because the trial court denied the motion without an evidentiary hearing, "we cannot determine from the appellate record whether [Mendez's] failure to timely pursue an appeal was actually the result of his counsel's deficient performance." *Collier v. State*, 307 Ga. 363, 376 (3) (834 SE2d 769) (2019). The lack of a hearing deprived Mendez of a full and fair opportunity to pursue his motion for out-of-time

appeal. See id. Accordingly, we vacate the order denying Mendez's motion for out-of-time appeal, remand the case for an evidentiary hearing on the motion, and direct the trial court to reconsider the motion in a manner consistent with the Supreme Court of Georgia's decision in *Collier*, supra. See *Warner v. State*, 353 Ga. App. 325, 327 (836 SE2d 638) (2019).

*Judgment vacated and case remanded with direction. Dillard, P. J., and Colvin, J., concur*.