**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**_DEADLINES ARE NO LONGER TOLLED IN THIS_**
**_COURT. ALL FILINGS MUST BE SUBMITTED WITHIN_**
**_THE TIMES SET BY OUR COURT RULES._**

**October 5, 2021**

# In the Court of Appeals of Georgia

A21A1713. ROMICH v. ALL SECURE, INC. et al.

DILLARD, Presiding Judge.

After the trial court granted summary judgment to the defendants in this civil action, counsel for the appellant, Cheryl Romich, filed a notice of withdrawal. One day later, Romich filed a *pro se* notice of appeal, but we lack jurisdiction over it.

A layperson does not have the right to represent herself and also be represented by an attorney.[1] As a result, a party cannot "attempt to represent herself by filing pro se pleadings, while at the same time she is represented by counsel of record."[2] Indeed, a formal withdrawal of counsel "cannot be accomplished until after the trial court

---

[1] *See generally Dos Santos v. State*, 307 Ga. 151, 154 (3) (834 SE2d 733) (2019) (explaining that appellant had no right to represent herself *pro se* while at the same time being represented by counsel).

[2] *Jacobsen v. Haldi*, 210 Ga. App. 817, 819 (1) (437 SE2d 819) (1993).

issues an order permitting the withdrawal."[3] And until such an order is properly made and entered, "no formal withdrawal can occur and counsel remains counsel of record."[4]

Here, the record contains no indication that the trial court relieved Romich's counsel of her representation. Consequently, Romich's *pro se* notice of appeal is a legal nullity,[5] and this appeal is dismissed for lack of jurisdiction.[6]

---

[3] *Tolbert v. Toole*, 296 Ga. 357, 362 (3) (767 SE2d 24) (2014) (punctuation omitted); *accord Ringold v. State*, 309 Ga. 443, 445 (847 SE2d 181) (2020); *Black v. State*, 349 Ga. App. 111, 115 (1) (a) (825 SE2d 498) (2019).

[4] *Tolbert*, 296 Ga. at 362 (3) (punctuation omitted); *accord Ringold*, 309 Ga. at 445; *Black*, 349 Ga. App. at 115 (1) (a). *But see Walker v. State*, 308 Ga. 749, 749 n.1, 753-54 (1) (843 SE2d 561) (2020) (the appellant's *pro se* motion for a new trial was not a nullity because—despite the absence of a written order permitting the withdrawal of appellant's counsel—the trial court previously made a finding on the record that appellant "freely, intelligently, and knowingly elected to waive his right to counsel and to represent himself" following sentencing).

[5] *See Jones v. State*, 308 Ga. 337, 338 (840 SE2d 357) (2020) ("[I]f [appellant] in fact was abandoned by her counsel while she was still formally represented, she could not have filed a notice of appeal, as she alleges she desired to do; any pro se filing in this regard would have been a nullity."); *see also Branner v. State*, 355 Ga. App. 137, 138-39 (843 SE2d 26) (2020) ("[N]o order was entered either for plea counsel to withdraw or for substitution of counsel. Consequently, [appellant's] pro se motion amounted to a legal nullity, presenting the trial court with nothing to decide.").

[6] *Tolbert*, 296 Ga. at 362-363 (3); *see In the Interest of N. C.*, 358 Ga. App. 379, 379 (855 SE2d 379) (2021) (dismissing a direct appeal in a child custody proceeding because the mother's *pro se* notice of appeal, filed while she was

*Appeal dismissed. Mercier and Pinson, JJ., concur.*

---

represented by counsel, was a nullity); *see also Clifton v. State*, 346 Ga. App. 406, 407 (814 SE2d 441) (2018) ("When a criminal defendant files pro se a notice of appeal while still represented by counsel, the notice is a legal nullity, and the appeal will be dismissed by the appellate court."); *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018) (the defendant's *pro se* notice of appeal from his judgment of conviction, filed within the term of court in which the judgment was entered, was a legal nullity because the record contained no indication that the trial court had formally permitted his trial counsel to withdraw).