# THIRD DIVISION
## DOYLE, P. J.,
## REESE, J., and SENIOR APPELLATE JUDGE PHIPPS

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**April 20, 2022**

# In the Court of Appeals of Georgia

A22A0806. MOSTILLER v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury found John Mostiller guilty of involuntary manslaughter and aggravated battery, and the trial court sentenced him for those offenses. Mostiller filed an untimely motion for a new trial, which the trial court denied on the merits, and Mostiller appealed from that order. This Court dismissed the appeal for lack of jurisdiction because Mostiller's untimely motion for a new trial did not extend the time for filing a notice of appeal. *Mostiller v. State*, Case No. A21A1772 (Aug. 4, 2021). After our remittitur was filed, Mostiller filed a pro se motion for an out-of-time appeal. His counsel subsequently also filed a motion for an out-of-time appeal. The trial court granted the counseled motion, and Mostiller filed this appeal. For the reasons explained below, we vacate the trial court's order granting Mostiller's motion

for an out-of-time appeal and remand the case with direction that the trial court dismiss the motion.

Until recently, Georgia courts recognized an out-of-time appeal as the judicially-created remedy for "a criminal defendant [who] demonstrates that his appeal of right has been frustrated by a violation of constitutional magnitude[.]" *Collier v. State,* 307 Ga. 363, 371 (2) (834 SE2d 769) (2019). However, in a recent decision, the Supreme Court of Georgia concluded that a trial court lacks authority to decide a motion for an out-of-time appeal. *Cook v. State*, ___ Ga. ___, ___ (5) (slip op. at 82) (___ SE2d ___) (Case No. S21A1270, decided March 15, 2022). The Court explained that the out-of-time appeal procedure "is not a legally cognizable vehicle for a convicted defendant to seek relief from alleged constitutional violations" and that its holding "applies to . . . all cases that are currently on direct review or otherwise not yet final." Id. at ___ (5) (slip op. at 82).

In light of *Cook*, Mostiller had no right to file a motion for an out-of-time appeal in the trial court, and the trial court's order granting him permission to pursue an out-of-time appeal was unauthorized. See *Cook*, ___ Ga. at ___ (5) (slip op. at 82); see also *Rutledge v. State*, ___ Ga. ___, (slip op. at 3-4) (Case No. S21A1036, decided March 15, 2022). The trial court should have dismissed, rather than granted,

2

Mostiller's motion. See *Cook*, ___ Ga. at ___ (5) (slip op. at 82). Accordingly, the trial court's order granting the motion for an out-of-time appeal is hereby VACATED, and this case is hereby REMANDED to the trial court, which is DIRECTED to enter an order dismissing the motion for an out-of-time appeal.[1] Id; see also *Meheux v. State*, 309 Ga. 857, 859 (848 SE2d 844) (2020) (when a trial court addresses the merits of a motion it lacks jurisdiction to decide, we must vacate the trial court's order and remand the case with instructions to dismiss the motion).

*Judgment vacated and case remanded with direction. Doyle, P. J., and Reese, J., concur.*

---

[1] We remind Mostiller that no appeal will be available from that dismissal order. See *Meheux v. State*, 309 Ga. 857, 859, n. 5 (848 SE2d 844) (2020). His remedy, if any, lies in habeas corpus. See *Cook*, ___ Ga. at ___ (5) (slip op. at 83); see also *Rutledge*, ___ Ga. at ___ (slip op. at 4).

3