**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 28, 2019**

# In the Court of Appeals of Georgia

A19A1110. LANE v. THE STATE.                                    DO-037 C

DOYLE, Presiding Judge.

Tyrus Lane appeals pro se from a superior court order denying his motion for leave to file an out-of-time appeal. For the following reasons, we vacate and remand the case to the trial court.

The record shows that on April 27, 2012, Lane entered a non-negotiated guilty plea to multiple offenses in four separate indictments in DeKalb County Superior Court: robbery and two counts of battery in Case No. 09CR4122 ; theft by receiving stolen property in Case No. 09CR8519 ; two counts of aggravated assault, robbery, and false imprisonment in Case No. 10CR1206 ; and three counts of armed robbery in Case No. 11CR2297. Lane was sentenced on each individual case, for a total sentence of 20 years to serve 15 years in custody. On December 4, 2017, Lane filed

a motion for an out-of-time appeal in each of the four cases, arguing, among other things, that his right to appeal was frustrated by plea counsel.[1] The trial court denied the motions on August 24, 2018, and this appeal followed.

On appeal, Lane contends that plea counsel was ineffective: (1) by failing to adequately investigate and prepare his case; (2) by failing to inform him of his rights under *Boykin v. Alabama*[2]; (3) by misinforming him that he faced four possible life sentences in Case No. 11CR2297; and (4) by failing to file a motion to withdraw his plea.

In the recent case of *Collier v. State*,[3] the Supreme Court of Georgia overruled decades of prior precedent, holding "that a defendant has an unqualified right to

---

[1] On appeal, Lane maintains that immediately after entering his plea, he "attempted to have trial counsel withdraw the plea." He states that he sent family members to counsel's office to make such a request, but counsel responded that he needed to "hear that from [Lane]." According to Lane, he was not able to contact counsel before the expiration of the term of court shortly thereafter, and counsel made no attempt to contact him or to file a motion to withdraw his plea.

[2] 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969).

[3] ___ Ga. ___, ___ (1) (Case No. S19A0658, decided Oct. 21, 2019), citing *Garza v. Idaho*, ___ U. S. ___ (139 SCt 738, 203 LE2d 77) (2019); *Roe v. Flores-Ortega*, 528 U. S. 470 (120 SCt 1029, 145 LE2d 985) (2000); and *Ringold v. State*, 304 Ga. 875 (823 SE2d 342) (2019).

appeal directly from a judgment entered on a guilty plea."[4] "[W]hen counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal."[5] With regard to such a claim, *Collier* holds that

> [b]ecause the trial court denied [the defendant's] motion for an out-of-time appeal without holding an evidentiary hearing, we cannot determine from the appellate record whether [the defendant's] failure to timely pursue an appeal was actually the result of his counsel's deficient performance. Moreover, we recognize that, given the clear, though incorrect, mandate of the case law overruled by this opinion, [the defendant] has not had a full and fair opportunity to pursue his motion for an out-of-time appeal before the trial court, the State has not had a full and fair opportunity to raise defenses, and the trial court has not had the benefit of this opinion to guide its consideration of the parties' evidence and argument.[6]

---

[4] *Santos v. State*, ___ Ga. ___, ____ (5) (Case No. S19A1352, decided Oct. 21, 2019).

[5] *Collier*, ___ Ga. at ___ (1), quoting *Garza*, ___ U. S. at ___ (III).

[6] *Collier*, ___ Ga. at ___ (3).

Consistent with that holding, we therefore "vacate the order denying [Lane's] motion for an out-of-time appeal, and we remand the case to the trial court for proceedings consistent with [*Collier*]."[7]

*Judgment vacated and remanded with direction. Coomer and Markle, JJ., concur.*

---

[7] *Id.*