Boggs, Justice.
**875 In 2012, Richard Terrance Ringold pled guilty to four counts of murder, one count of aggravated assault, and five counts of possession of a firearm during the commission of a felony, arising out of the shooting deaths of four victims and the wounding of a fifth.[1] Ringold was sentenced to concurrent terms of life imprisonment without the **876 possibility of parole for each murder and terms of years on the other convictions. Approximately one month later, he moved to withdraw his plea, and his motion was denied after a hearing. Nearly four years later, he moved to file an out-of-time appeal, which the trial court denied summarily and without holding a hearing. Proceeding pro se, he appeals that denial, asserting that both the trial court and his motion-to-withdraw counsel erred by failing to advise him of his right to appeal the denial of his motion to withdraw his guilty plea. For the reasons stated below, we vacate and remand with direction to the trial court to conduct a hearing on the matter.
According to the indictment to which Ringold pled guilty, Ringold shot and killed four individuals: Atania Butler, Rico Zimmerman, Jhane Thomas, and Lakeisha Parker. Ringold also shot N. A., a seven-year-old, but she survived. During three days of trial, in which the State was seeking the death penalty, the State presented multiple witnesses, including an eyewitness and Ringold's girlfriend, and it planned to call N. A. to testify. Ringold's trial counsel advised him that N. A. was the next and last witness, and there would be no opportunity to plead guilty after her testimony. As the courtroom was being cleared of the press before N. A. took the stand, Ringold decided to plead guilty in exchange for the State's agreement not to seek the death penalty. During the plea colloquy, the State and trial court asked Ringold a series of questions to ensure that he was *345 knowingly, voluntarily, and intelligently waiving his rights and pleading guilty. The court accepted Ringold's guilty plea to all of the crimes charged and sentenced him.
Approximately one month later, Ringold timely moved to withdraw his guilty plea, and the trial court held an evidentiary hearing on his motion. At the hearing, at which Ringold was represented by new counsel, Ringold testified that he did not commit the crimes; he lied to the judge during his plea colloquy; and his trial counsel failed to conduct an investigation and hire the experts that he had requested, pressured and coerced him to enter his guilty plea, and advised him to lie to the court so that he could then withdraw his plea.
However, Ringold's trial counsel testified that they did not force, pressure, or coerce Ringold into entering his guilty plea, and the decision to enter the guilty plea was Ringold's. When asked how the decision to plead guilty came about, counsel testified that, at trial, **877 after the next-to-last witness had testified but before N. A. was to testify, Ringold was very disappointed about his girlfriend's testimony because he had assumed that she was going to change her story in his favor, and she did not. He asked to talk to counsel, and counsel advised him that, if he could plead guilty and avoid the death penalty, he should do it.
At the conclusion of the hearing, the trial court announced that it would deny Ringold's motion to withdraw. The trial court did not mention Ringold's right to appeal on the record. On November 12, 2013, the trial court entered an order denying the motion, which again did not mention Ringold's right to an appeal.
Ringold filed a pro se motion for an out-of-time appeal in 2017, arguing that his motion-to-withdraw counsel was ineffective under the Sixth Amendment to the United States Constitution because counsel was deficient in not advising him of his right to appeal, and that deficient performance prejudiced him because it deprived him of an appeal, where he might have prevailed. On October 19, 2017, the trial court denied Ringold's motion summarily and without holding a hearing.
In his sole enumeration of error, Ringold contends that the trial court and his motion-to-withdraw counsel failed to advise him of his right to appeal the denial of his motion to withdraw his guilty plea. Citing Carter v. Johnson, 278 Ga. 202, 599 S.E.2d 170 (2004), Ringold claims that he is therefore entitled to an out-of-time appeal. The Attorney General argues that Ringold's claim -- that he is entitled to an out-of-time appeal because the trial court failed to inform him of his right to appeal -- is not properly before us because Ringold failed to assert it in his motion for an out-of-time appeal. However, as to Ringold's claim that his counsel was ineffective, the Attorney General agrees that Carter applies and that Ringold is entitled to a hearing to determine who bore the ultimate responsibility for the failure to appeal. The District Attorney, on the other hand, argues that Ringold is not entitled to a hearing because he has failed to demonstrate prejudice from the purported ineffective assistance of counsel.
"[I]t is well settled that errors not raised in the trial court will not be heard on appeal." (Citations and punctuation omitted.) Hollins v. State, 287 Ga. 233, 233-234, 695 S.E.2d 23 (2010). We therefore agree with the Attorney General that Ringold's claim of trial court error has been waived, as Ringold failed to raise it in his motion for an out-of-time appeal.[2]
*346 **878 As to Ringold's claim that his motion-to-withdraw counsel was ineffective, we also agree with the Attorney General that the case should be remanded for a hearing. However, the controlling authority here is Roe v. Flores-Ortega, 528 U.S. 470, 476-477 (II) (A), 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), not Carter, supra. While this Court has decided many cases dealing with motions for out-of-time appeal, we must follow the instruction of the United States Supreme Court to analyze counsel's effectiveness under the Sixth Amendment, as it is a fundamental principle that this Court is "bound by the Constitution of the United States as its provisions are construed and applied by the Supreme Court of the United States." Coley v. State, 231 Ga. 829, 832 (I), (204 S.E.2d 612) (1974) ; see Lejeune v. McLaughlin, 296 Ga. 291, 298 (2), (766 S.E.2d 803) (2014) ("[E]ven the venerable doctrine of stare decisis does not permit us to persist in an error of federal constitutional law." (Emphasis in original.) ).
It is now well established that a defendant who timely seeks to withdraw a guilty plea is entitled to the assistance of counsel. Fortson v. State, 272 Ga. 457, 460 (1), 532 S.E.2d 102 (2000). A defendant also has both the right to appeal the denial of his motion to withdraw guilty plea and the right to the effective assistance of counsel as guaranteed by the Sixth Amendment for that appeal. See OCGA § 5-6-33 (a) (1) ; Carter, supra, 278 Ga. at 205 (2), 599 S.E.2d 170 ;
**879 Evitts v. Lucey, 469 U.S. 387, 396 (II) (C), 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (stating that "[a] first appeal of right ... is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney").
While OCGA § 5-6-38 (a) generally requires that a notice of appeal be filed within 30 days of the appealable decision or judgment complained of, Georgia courts may excuse compliance with that statutory requirement "where necessary to avoid or remedy a constitutional violation concerning the appeal," such as when counsel was ineffective in filing the notice of appeal. Gable, supra, 290 Ga. at 85-86 (2) (b), 720 S.E.2d 170. For a defendant who did not receive his first appeal of right because of his counsel's ineffective assistance, the remedy is an out-of-time appeal. Rowland v. State, 264 Ga. 872, 875 (2), 452 S.E.2d 756 (1995) ; see Gable, supra, 290 Ga. at 85, 720 S.E.2d 170. This remedy has been judicially created in Georgia. Rowland, supra, 264 Ga. at 875, 452 S.E.2d 756.
A defendant's claim that his counsel was ineffective in failing to file a notice of appeal is reviewed under the familiar standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Flores-Ortega, supra, 528 U.S. at 476-477 (II), 120 S.Ct. 1029. "A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." (Citations and punctuation omitted.) Id.
To determine whether counsel was constitutionally ineffective for failing to file a timely notice of appeal, the first question *347 that must be answered is whether counsel "consulted" with the defendant about an appeal - that is, whether counsel "advis[ed] the defendant about the advantages and disadvantages of taking an appeal, and ma[de] a reasonable effort to discover the defendant's wishes." Id. at 478 (II) (A), 120 S.Ct. 1029. If counsel adequately consulted with the defendant, counsel performed deficiently only if he failed "to follow the defendant's express instructions with respect to an appeal." Id.
However, if counsel did not consult with the defendant, "the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitute[d] deficient performance." Id.
[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.
**880 Id. at 480 (II) (A), 120 S.Ct. 1029. To make that determination, the trial court "must take into account all the information that counsel knew or should have known." Id. For example,
a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.
Id. We recognize that the trial court's considerations may be slightly different in Ringold's case than those advised by the U. S. Supreme Court in Flores-Ortega because the two cases differ procedurally. Flores-Ortega involved the failure to pursue an appeal following a conviction by guilty plea, whereas here Ringold complains that he did not get an appeal from the denial of his motion to withdraw his guilty plea. Nevertheless, the point remains the same. "Only by considering all relevant factors in a given case [can a court] properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." Id.
As noted in Flores-Ortega, there are circumstances in which counsel's failure to consult will not amount to deficient performance:
For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal. Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information. We therefore reject **881 a bright-line rule that counsel must always consult with the defendant regarding an appeal.
(Citation omitted.) Id. at 479-480 (II) (A), 120 S.Ct. 1029. However, like the U. S. Supreme Court, "[w]e expect that courts evaluating the reasonableness of counsel's performance using the [test set forth in Flores-Ortega ] will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." Id. at 481 (II) (A), 120 S.Ct. 1029.
The second component of the Strickland test requires that the defendant show prejudice from his counsel's performance.
*348 In this context, to show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484 (II) (B) (3), 120 S.Ct. 1029. The U. S. Supreme Court has squarely rejected the argument that the defendant must show that he would have actually prevailed in a timely appeal, as well as "any requirement that the would-be appellant specify the points he would raise were his right to appeal reinstated," as "it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." (Citations, punctuation, and emphasis omitted.) Id. at 485-486 (II) (B) (3), 120 S.Ct. 1029. Instead, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken," the defendant is entitled to an appeal because he effectively has been deprived of an appellate proceeding altogether. Id. at 483-484 (II) (B) (2) and (3), 120 S.Ct. 1029.[3]
**882 Here, Ringold claims that he is entitled to an out-of-time appeal because his counsel was ineffective in not informing him of his right to a direct appeal from the denial of his motion to withdraw his guilty plea. However, because the trial court denied Ringold's motion for an out-of-time appeal without holding an evidentiary hearing, we cannot determine from the existing record whether Ringold's counsel performed deficiently in failing to file a notice of appeal.
Therefore, we vacate the trial court's order denying Ringold's motion for an out-of-time appeal and remand this case for the trial court to determine whether Ringold's motion-to-withdraw counsel was ineffective in failing to file a timely notice of appeal, consistent with the test in Flores-Ortega. If Ringold shows that his counsel was deficient in failing to file a timely notice of appeal and that, but for counsel's deficiency, he would have appealed, he is entitled to an out-of-time appeal.
Judgment vacated and case remanded with direction.
All the Justices concur.

The crimes occurred on August 27, 2009. On November 30, 2012, Ringold filed a pro se motion to withdraw his guilty plea, and his counsel filed a motion to withdraw as the attorneys of record because they would be potential witnesses. The trial court granted counsel's motion to withdraw and appointed Ringold new counsel, who filed an amended motion to withdraw the guilty plea on August 21, 2013. After a hearing, the court denied the motion on November 12, 2013. Ringold did not file a timely notice of appeal. On August 4, 2017, he filed a pro se motion for an out-of-time appeal. On October 19, 2017, the trial court denied that motion without a hearing. On November 6, 2017, Ringold filed a notice of appeal, challenging the order denying his motion for an out-of-time appeal. The case was docketed in this Court for the August 2018 term and submitted for decision on the briefs.

As noted in Presiding Justice Nahmias' concurrence, we recognize that we held in Carter, supra, 278 Ga. at 205 (2), 599 S.E.2d 170, that a defendant's right to a direct appeal from the denial of his motion to withdraw his guilty plea could be frustrated not only by his counsel's ineffectiveness but also by "the failure of the trial court to inform him of his right to appeal." See also Cobb v. State, 284 Ga. 74, 74, 663 S.E.2d 262 (2008) (following Carter ). As the source for this supposed duty of trial courts to inform defendants of their appellate rights, we identified no constitutional provision, statute, or rule. Instead, we relied solely on a quotation from a Court of Appeals case, which said: "[I]n Georgia, an out-of-time appeal is the remedy for a frustrated right of appeal, where 'the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. [Cit.]' " Carter, supra, 278 Ga. at 205 (2), 599 S.E.2d 170 (quoting Murray v. State, 265 Ga. App. 119, 120, 592 S.E.2d 898 (2004) ). As the cases on which Murray relied for this proposition demonstrate, however, its language about not adequately informing the appellant of his appeal rights refers to information coming from his counsel , not from the trial court. See Murray, supra, 265 Ga. App. at 120, 592 S.E.2d 898. Specifically, Thorpe v. State, 253 Ga. App. 263, 264, 558 S.E.2d 804 (2002), involved only an allegation that the defendant's "trial counsel never informed him of his right to file a limited direct appeal" from a guilty plea. (Emphasis supplied.). And Syms v. State, 240 Ga. App. 440, 441 (1), 523 S.E.2d 42 (1999), rejected a claim that an out-of-time appeal could be based on the trial court's failure to advise the defendant of his appeal rights, explaining that "[w]e find no case or statutory law imposing upon the superior court a duty to advise a defendant that he may have a right to directly appeal the convictions which result from the entry of his guilty plea." See also Barlow v. State, 282 Ga. 232, 233, 647 S.E.2d 46 (2007) ("Contrary to Barlow's contention, the trial court was not obligated to inform him of this qualified right [to appeal]. See Syms v. State..."). As discussed infra, Georgia courts may excuse compliance with OCGA § 5-6-38, requiring a notice of appeal to be filed within 30 days of an appealable order, "only where necessary to avoid or remedy a constitutional violation concerning the appeal." Gable v. State, 290 Ga. 81, 85 (2) (b), 720 S.E.2d 170 (2011). Because Ringold did not preserve this issue, however, we need not decide today whether this aspect of Carter and Cobb should be reconsidered.

As explained further in Presiding Justice Nahmias' concurrence, the proper prejudice analysis, as laid out in Flores-Ortega, supra, 528 U.S. at 484-486 (II) (B) (3), 120 S.Ct. 1029, is inconsistent with the actual-prejudice requirement we have imposed, without mention of Flores-Ortega, in many prior cases dealing with motions for out-of-time appeals from guilty plea convictions. See, e.g., Stephens v. State, 291 Ga. 837, 733 S.E.2d 266 (2012). In Stephens, we explained that, when a defendant seeks an out-of-time appeal from a guilty plea on the ground that his counsel was ineffective in not filing a timely appeal, he must "prove both 'that his trial counsel provided deficient performance and that, but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different,' which means in this context that the appeal would have been successful ." (Citation omitted; emphasis supplied.) Id. at 838-839 (2), 733 S.E.2d 266. We then considered only the issues the pro se defendant "raised in his motion for out-of-time appeal and ha[d] pursued [on the] appeal." Id. at 839 (3), 733 S.E.2d 266. The case before us, however, concerns a motion for an out-of-time appeal from the denial of a motion to withdraw guilty plea, and in that context, we have not required a showing of actual prejudice, albeit again without reference to Flores-Ortega. See Cobb, supra, 284 Ga. at 74, 663 S.E.2d 262 ; Carter, supra, 278 Ga. at 205, 599 S.E.2d 170.