306 Ga. 577
FINAL COPY

S19A0801.  BLACKWELL v. THE STATE.

WARREN, Justice.

Just over four years after the trial court denied his timely motion to withdraw his guilty plea to murder and other crimes, appellant John Blackwell filed a pro se motion for out-of-time appeal.  The trial court denied that motion summarily and without holding a hearing.  As the Attorney General properly concedes, we must vacate the trial court's order and remand the case for the trial court to hold a hearing to determine whether Blackwell is entitled to an out-of-time appeal due to the ineffective assistance of his motion-to-withdraw counsel.

It is well settled that a defendant has the right to appeal the denial of his motion to withdraw a guilty plea, as well as "the right to the effective assistance of counsel as guaranteed by the Sixth Amendment for that appeal."  *Ringold v. State*, 304 Ga. 875, 878 (823 SE2d 342) (2019).  And it is true, as Blackwell notes, that we

have held that when a defendant's right to appeal from the denial of a motion to withdraw a guilty plea is frustrated either by the trial court's failure to inform him of his right to appeal or by counsel's ineffective assistance, he is entitled to an out-of-time appeal. See *Cobb v. State*, 284 Ga. 74, 74 (663 SE2d 262) (2008); *Carter v. Johnson*, 278 Ga. 202, 205 (599 SE2d 170) (2004).[1]

Blackwell contends that he is entitled to an out-of-time appeal because neither the trial court nor his motion-to-withdraw counsel informed him of his right to appeal. As for the allegation of trial court error, Blackwell has waived that claim because he did not raise it in his motion for out-of-time appeal. See *Ringold*, 304 Ga. at 877 (holding that Ringold's claim that he was entitled to an out-of-time appeal because the trial court failed to inform him of his right to

---

[1] In *Ringold*, we signaled our willingness to reexamine the parts of *Cobb* and *Carter* that hold that a defendant is entitled to an out-of-time appeal if a trial court does not advise him of his right to appeal. See *Ringold*, 304 Ga. at 877 n.2 (majority opinion) and 882-883 (Nahmias, P. J., concurring). However, because Ringold waived that issue by not raising it in his motion for out-of-time appeal, id. at 877, we did not decide "whether this aspect of *Carter* and *Cobb* should be reconsidered." Id. at 877 n.2. Similarly, we need not reconsider those cases here because Blackwell also waived the issue.

appeal was not properly before our Court because Ringold did not first assert it in his motion for an out-of-time appeal).  With respect to Blackwell's claim that his right to appeal was frustrated by the ineffectiveness of his motion-to-withdraw counsel, however, we cannot determine whether Blackwell's counsel performed deficiently in failing to file a notice of appeal because the trial court failed to hold an evidentiary hearing on the issue.  In an identical situation in *Ringold*, we held that the trial court's order denying Ringold's motion for out-of-time appeal had to be vacated and the case remanded "for the trial court to determine whether Ringold's motion-to-withdraw counsel was ineffective in failing to file a timely notice of appeal."  Id. at 882.  We also clarified in *Ringold* that this inquiry had to be conducted consistently with the principles of *Roe v. Flores-Ortega*, 528 U.S. 470 (120 SCt 1029, 145 LE2d 985) (2000), which we laid out in detail in *Ringold*, 304 Ga. at 878-882.[2]

In particular, with regard to the prejudice component of

---

[2] The United States Supreme Court recently reaffirmed the principles of *Flores-Ortega* in *Garza v. Idaho*, ___ U.S. ___  (139 SCt 738, 744, 203 LE2d 77) (2019).

3

Ringold's ineffective assistance claim, we emphasized that he had to demonstrate not that he would have prevailed in a timely appeal, but only that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Ringold*, 304 Ga. at 881 (citation and punctuation omitted). We explained that the

> United States Supreme Court has squarely rejected the argument that the defendant must show that he would have actually prevailed in a timely appeal, as well as "any requirement that the would-be appellant specify the points he would raise were his right to appeal reinstated," as "it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." . . . Instead, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken," the defendant is entitled to an appeal because he effectively has been deprived of an appellate proceeding altogether.

*Ringold*, 304 Ga. at 881 (quoting *Flores-Ortega*, 528 U.S. at 483-486).[3]   We therefore vacate the trial court's order denying

---

[3] In both the majority opinion in *Ringold*, see 304 Ga. at 881 n.3, and in Presiding Justice Nahmias's concurrence, id. at 883, we explained that *Flores-*

Blackwell's motion for an out-of-time appeal and remand the case to the trial court for proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED AUGUST 19, 2019.
Murder. Walton Superior Court. Before Judge Benton.
John J. Blackwell, *pro se.*
*Layla H. Zon, District Attorney, Tara Latimer, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior*

*Ortega*, 528 U.S. at 484-486, sets forth the proper prejudice analysis for cases in which a defendant alleges that he has been deprived of his appeal entirely by counsel's ineffectiveness in failing to file a timely appeal and that we have wrongly required defendants who seek out-of-time appeals from guilty pleas to show that they could actually prevail in an appeal before allowing them an out-of-time appeal. *Ringold*, however, did not present an opportunity to overrule those cases because it, like this case, involved "a motion for an out-of-time appeal from the denial of a motion to withdraw [a] guilty plea, and in that context, we have not required a showing of actual prejudice." *Ringold*, 304 Ga. at 881 n.3.

5

*Assistant Attorney General, Matthew D. O'Brien, Assistant Attorney General,* for appellee.