**FIRST DIVISION
BARNES, P. J.,
GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 27, 2020**

# In the Court of Appeals of Georgia

A20A0309, A20A0310. JONES v. THE STATE.

BARNES, Presiding Judge.

Several years after the trial court denied his timely motion to withdraw his guilty plea, Quincy M. Jones filed a pro se motion for out-of-time appeal and a motion to vacate, void, or correct an illegal sentence. The trial court entered an order denying the two motions and subsequently entered an order denying Jones's request for appointment of appellate counsel. In Case No. A20A0309, Jones appeals the trial court's order denying both his motion for an out-of-time appeal and his motion to vacate, void, or correct an illegal sentence, and in Case No. A20A0310, he appeals the trial court's order denying his motion for appointment of appellant counsel. For the reasons discussed below, in Case No. A20A0309, we vacate the trial court's order to the extent that the court denied Jones's motion for an out-of-time appeal and

remand for further proceedings consistent with this opinion. We affirm the trial court's order to the extent that the court denied Jones's motion to vacate, void, or correct an illegal sentence. In Case No. A20A0310, we affirm the trial court's order denying Jones's request for appointment of appellate counsel.

The record reflects that on August 21, 2014, Jones entered a negotiated plea of guilty to false imprisonment and trafficking of persons for sexual servitude. He was sentenced to a total of 20 years, with the first 13 years in confinement and the remainder on probation. Jones did not directly appeal from the judgment of conviction and sentence entered on his guilty plea. On August 29, 2014, Jones, with the assistance of new counsel,[1] filed a timely motion to withdraw his guilty plea.[2] Jones contended that his plea had not been freely, knowingly, and voluntarily made because his plea "was induced by fraud" and that his plea counsel had rendered

[1] For ease of reference, Jones's counsel who represented him during the plea hearing will be referred to as "plea counsel," and the counsel who represented him on his motion to withdraw his guilty plea will be referred to as "second counsel."

[2] A motion to withdraw a guilty plea must be filed in the same term of court in which the plea was entered. *Terry v. State*, 301 Ga. 776, 778 (1) (804 SE2d 71) (2017). Jones's guilty plea and his motion to withdraw the plea were both entered in the August 2014 term of the Clayton County Judicial Circuit. See OCGA § 15-6-3 (10) (terms of court for Clayton County Judicial Circuit commence on the "First Monday in February, May, August, and November").

2

ineffective assistance. The trial court denied Jones's motion to withdraw his guilty plea on November 7, 2014.

On August 13, 2018, Jones filed a pro se motion for an out-of-time appeal from the denial of his motion to withdraw his guilty plea and a pro se motion to vacate, void, or correct an illegal sentence. In his motion for an out-of-time appeal, Jones contended that his appeal from the order denying his motion to withdraw his guilty plea had been frustrated by ineffective assistance of counsel because his second counsel had failed to file a notice of appeal from that order even though Jones had repeatedly requested that he do so. In his motion to vacate, void, or correct an illegal sentence, Jones contended that he had pled guilty as the result of ineffective assistance rendered by his plea counsel, that the original indictment was defective, that arrest and search warrants issued in the case were invalid, and that he had been improperly detained and questioned by law enforcement. On September 17, 2018, the trial court entered an order denying both motions without conducting an evidentiary hearing. After Jones filed his notice of appeal from the September 2018 order, Jones filed a pro se motion for appointment of appellate counsel, which the trial court

denied on December 4, 2018.[3] Jones then filed a notice of appeal from the trial court's December 2018 order.

*Case No. A20A0309*

1. Jones contends that the trial court erred in denying his motion for an out-of-time appeal from the denial of his motion to withdraw his guilty plea. In his motion for an out-of-time appeal, Jones asserted that he was entitled to such an appeal based on the ineffective assistance rendered by his second counsel, who failed to file a timely notice of appeal on his behalf.[4]

"It is now well established that a defendant who timely seeks to withdraw a guilty plea is entitled to the assistance of counsel. A defendant also has both the right

---

[3] "Following judgment and entry of notice of appeal, a trial court retains jurisdiction over certain matters including appointment of counsel on appeal." *Spear v. State*, 271 Ga. App. 845, 845 (1), n. 1 (610 SE2d 642) (2005).

[4] While Jones has attached numerous documents as exhibits to his appellate brief, we do not consider such documents. See *State v. Ganong*, 221 Ga. App. 250, 250 (470 SE2d 794) (1996) (noting that "parties cannot supplement the record merely by attaching matters to or reciting matters in their briefs") (citation and punctuation omitted); *Locke's Graphic & Vinyl Signs v. Citicorp Vendor Finance*, 285 Ga. App. 826, 826 (1) (648 SE2d 156) (2007) ("A brief cannot be used in lieu of the record or transcript for adding evidence to the record; we must take our evidence from the record and not from the brief of either party.") (punctuation and footnote omitted). See also Court of Appeals Rule 24 (g) ("Do not attach documents or exhibits to appellate briefs or motions for reconsideration.").

4

to appeal the denial of his motion to withdraw guilty plea and the right to the effective assistance of counsel as guaranteed by the Sixth Amendment for that appeal." (Citations and punctuation omitted.) *Ringold v. State*, 304 Ga. 875, 878 (823 SE2d 342) (2019). See *Blackwell v. State*, 306 Ga. 577, 577 (832 SE2d 352) (2019). When a defendant is deprived of his right to appeal from the denial of his motion to withdraw his guilty plea due to ineffective assistance of counsel, the defendant is entitled to an out-of-time appeal. See *Blackwell*, 306 Ga. at 577; *Ringold*, 304 Ga. at 878-882; *Cobb v. State*, 284 Ga. 74, 74 (663 SE2d 262) (2008); *Carter v. Johnson*, 278 Ga. 202, 205 (2) (599 SE2d 170) (2004).

To establish a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984), a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant. *Ringold*, 304 Ga. at 879. The *Strickland* standard applies when a defendant seeks an out-of-time appeal based on his counsel's alleged ineffective assistance. Id. However, our Supreme Court has emphasized that when applying the *Strickland* standard in the context of a motion for an out-of-time appeal from the denial of a motion to withdraw a guilty plea, courts should conduct their inquiry consistent with

5

the principles laid out in *Roe v. Flores-Ortega*, 528 U.S. 470 (120 SCt 1029, 145 LE2d 985) (2000), and discussed in detail in *Ringold*, 304 Ga. at 879-882. See *Blackwell*, 306 Ga. at 578. See also *Garza v. Idaho*, __ U. S. __ (139 SCt 738, 203 LE2d 77) (2019) (reaffirming principles enunciated in *Flores-Ortega*).[5]

As to the deficiency prong of the ineffective assistance inquiry, *Ringold*, guided by *Flores-Ortega*, explained that "the first question that must be answered is whether counsel 'consulted' with the defendant about an appeal — that is, whether counsel 'advis[ed] the defendant about the advantages and disadvantages of taking an appeal, and ma[de] a reasonable effort to discover the defendant's wishes.'" *Ringold*, 304 Ga. at 879 (quoting *Flores-Ortega*, 528 U.S. at 478 (II) (A). If there was adequate consultation, then counsel performed deficiently "only if he failed 'to follow the defendant's express directions with respect to an appeal.'" Id. (quoting same). But if counsel failed to consult with the defendant, the court must address "'whether

_____

[5] We note that in the recent case of *Collier v. State*, __ Ga. __ (834 SE2d 769) (2019), our Supreme Court overturned decades of precedent and set out the proper analysis for addressing a defendant's motion for an out-of-time appeal *from the judgment of conviction entered on his guilty plea* where the defendant alleges that his appeal was frustrated by ineffective assistance from his plea counsel. Here, however, Jones sought an out-of-time appeal *from the denial of his motion to withdraw his guilty plea*, and thus our Supreme Court's recent *Ringold* decision is most directly on point.

6

counsel's failure to consult with the defendant itself constitute[d] deficient performance,'" and, in doing so, the court "'must take into account all the information that counsel knew or should have known.'" Id. at 879-880 (quoting *Flores-Ortega*, 528 U.S. at 478, 480 (II) (A)). And,

> a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

Id. at 880 (quoting *Flores-Ortega*, 528 U.S. at 480 (II) (A)). See also *Dos Santos v. State*, __ Ga. __, n. 6 (834 SE2d 733) (2019) (discussing application of deficiency prong under *Ringold* and *Flores-Ortega*). The trial court abuses its discretion if it fails to conduct a factual inquiry into whether counsel was responsible for the failure to pursue a timely appeal. *Collier*, __ Ga. at __, n. 1.

As to the prejudice prong of the ineffective assistance inquiry, *Ringold* explained that "'a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would

7

have timely appealed.'" *Ringold*, 304 Ga. at 881 (quoting *Flores-Ortega*, 528 U.S. at 484 (II) (B) (3)). With respect to prejudice, *Ringold* further emphasized:

> The U. S. Supreme Court has squarely rejected the argument that the defendant must show that he would have actually prevailed in a timely appeal, as well as "any requirement that the would-be appellant specify the points he would raise were his right to appeal reinstated," as "it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." Instead, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken," the defendant is entitled to an appeal because he effectively has been deprived of an appellate proceeding altogether.

Id. (quoting *Flores-Ortega*, 528 U. S. at 484-486 (II) (B) (3)).

Here, we cannot determine based on the existing record whether Jones's counsel was deficient in failing to timely file a notice of appeal, given that the trial court denied Jones's motion for an out-of-time appeal without conducting an evidentiary hearing. Furthermore, our Supreme Court had not yet issued its decision in *Ringold* when the trial court entered its order in this case, and thus the trial court and parties did not have the benefit of that decision to guide them. Accordingly, we

8

vacate the trial court's September 2018 order to the extent that it denied Jones's motion for an out-of-time appeal, and we remand the case for the court to conduct an evidentiary hearing and determine whether Jones's second counsel was ineffective in failing to file a timely notice of appeal from the denial of the motion to withdraw the guilty plea, consistent with the principles set out in *Ringold*, 304 Ga. 875, and *Flores-Ortega*, 528 U.S. 470. See *Blackwell*, 306 Ga. at 578; *Ringold*, 304 Ga. at 882.

2. Jones also contends that the trial court erred in denying his motion to vacate, void, or correct an illegal sentence. In his motion, Jones asserted that he pled guilty as the result of ineffective assistance rendered by his plea counsel, that the indictment, arrest warrant, and search warrant were invalid, and that he had been improperly detained and questioned by law enforcement.

After imposing a sentence of imprisonment, "[t]he sentencing court generally has jurisdiction to modify or vacate such a sentence only for one year following the imposition of the sentence. OCGA § 17-10-1 (f). But a sentencing court has jurisdiction to vacate a void sentence at any time." (Footnotes and emphasis omitted.) *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). Jones filed his motion to vacate his sentence several years after his sentence was imposed, and thus "the sentencing court had jurisdiction of his motion only to the extent that it presented

9

a cognizable claim that the sentence was void." Id. Jones, however, presented no such claim.

"A sentence is void if the court imposes punishment that the law does not allow." (Citations and punctuation omitted.) *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). But

> a defendant cannot assert a claim that his conviction was unlawful in an untimely motion to vacate his sentence simply by dressing it up as a claim that his sentence was void. . . . . Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides.

(Citations omitted.) *von Thomas*, 293 Ga. at 572 (2).

Here, all of Jones's assertions about the alleged errors in his case clearly went to the validity of the judgment of conviction entered on his guilty plea, not the validity of his sentence. See, e.g., *Reed v. State*, 296 Ga. App. 366, 367 (1) (674 SE2d 406) (2009) (challenge to underlying plea could not be pursued through motion to vacate void sentence); *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008) (challenge to indictment could not be pursued through motion to correct void

10

sentence); *Jordan v. State*, 253 Ga. App. 510, 511 (559 SE2d 528) (2002) (ineffective assistance claim that counsel failed to properly challenge conviction on a particular count could not be pursued through motion to correct void sentence). Furthermore, Georgia law authorized the concurrent sentences that Jones received for false imprisonment and trafficking of persons for sexual servitude. Specifically, his sentence of 10 years in prison for false imprisonment fell within the statutory range of punishment for that offense. See OCGA § 16-5-41 (b) ("A person convicted of the offense of false imprisonment shall be punished by imprisonment for not less than one nor more than ten years."). Likewise, his sentence of 20 years, to serve 13 years in prison and the remainder on probation, for trafficking of persons for sexual servitude fell within the statutory range of punishment. See former OCGA § 16-5-46 (f) (1) (Ga. L. 2011, p. 217, § 1) ("[A]ny accused who commits the offense of trafficking a person for labor or sexual servitude shall be guilty of a felony, and upon conviction thereof, shall be punished by imprisonment for not less than ten nor more than 20 years[.]"). Accordingly, Jones failed to present a cognizable claim that his sentence was void. See *von Thomas*, 293 Ga. at 572 (2).

Where, as in the present case, the defendant fails to present a cognizable void-sentence claim, the trial court does not have jurisdiction of the motion. *von Thomas*,

11

293 Ga. at 571 (2). "[A]lthough a trial court should 'dismiss' rather than 'deny' a motion it lacks jurisdiction to consider, we will vacate only when the court considers the merits of that motion." (Citation omitted.) *Witherspoon v. State*, 304 Ga. 306, 307 (818 SE2d 512) (2018). Here, the trial court denied Jones's motion to vacate, void, or correct an illegal sentence without any discussion of that specific motion.

> Absent evidence to the contrary, we presume that trial judges, as public officers, follow the law in the exercise of their statutory duties and authority. Given this presumption, a trial court's mere "denial" of a motion it lacks jurisdiction to decide without more cannot be assumed to be a decision on the merits, and so its "denial" rather than "dismissal" of an untimely motion does not require vacatur of that order.

(Citations omitted.) *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017). Consequently, we affirm the trial court's denial of Jones's motion. See id.

*Case No. A20A0310*

3. Jones contends that the trial court erred in denying his motion for appointment of appellate counsel. "However, an indigent defendant is entitled to representation by counsel only for trial and for the direct appeal from the judgment of conviction and sentence." (Citation and punctuation omitted.) *Rooney v. State*, 287 Ga. 1, 7 (4) (690 SE2d 804) (2010). Hence, Jones was not entitled to the appointment

12

of counsel to appeal the denial of his motion for out-of-time-appeal or the denial of his motion to vacate, void, or correct an illegal sentence. See id.; *Brooks v. State*, 301 Ga. 748, 753 (3) (804 SE2d 1) (2017).

*Judgment affirmed in part and vacated in part, and case remanded with direction in Case No. A20A0309. Judgment affirmed in Case No. A20A0310. Gobeil, J., and Senior Appellate Judge Herbert E. Phipps concur.*