310 Ga. 651
FINAL COPY

S21A0171. BOONE v. THE STATE.

MELTON, Chief Justice.

On May 10, 2012, Odeirrick Boone entered a non-negotiated guilty plea to malice murder and various other offenses in connection with the robbery of a convenience store and the stabbing death of the store owner, Balk Sung. On January 31, 2020, Boone filed a pro se motion for leave to file an out-of-time appeal, arguing that his trial counsel was ineffective for having failed to inform him of his right to pursue an appeal of his convictions. The trial court denied Boone's motion summarily and without holding a hearing, which prompted the current appeal. For the reasons that follow, and as the State properly concedes, the trial court's order must be vacated and this case remanded to the trial court to hold a hearing to determine whether Boone is entitled to an out-of-time appeal due to the ineffective assistance of his plea counsel.

"A criminal defendant is entitled to an out-of-time appeal if his

counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued." *Collier v. State*, 307 Ga. 363, 364 (1) (834 SE2d 769) (2019). Where

> the constitutional violation alleged by the defendant is ineffective assistance of counsel in providing advice about or acting upon an appeal of right [such as an appeal from the judgment of conviction entered on a guilty plea], that violation is reviewed under the familiar standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). [Cit.] To meet his burden of proving that counsel's ineffectiveness deprived him of his right to an appeal, the criminal defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. [Cit.]

(Punctuation omitted.) Id. at 364-365 (1).

However, with regard to the deficient performance prong of the *Strickland* test, "we cannot determine whether [Boone's] counsel performed deficiently in failing to file a notice of appeal because the trial court failed to hold an evidentiary hearing on the issue." *Blackwell v. State*, 306 Ga. 577, 578 (832 SE2d 352) (2019). Accordingly, we must vacate the trial court's order denying Boone's motion for an out-of-time appeal and remand this case to the trial

2

court for a determination of whether counsel performed deficiently in failing to inform Boone of his right to a direct appeal from his guilty plea. See *Collier*, supra, 307 Ga. at 376 (3).

With respect to the prejudice prong of the *Strickland* test, we emphasize that to be granted an out-of-time appeal Boone need not prove that he would have prevailed in a timely appeal, but only that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Ringold v. State*, 304 Ga. 875, 881 (823 SE2d 342) (2019) (quoting *Roe v. Flores-Ortega*, 528 U. S. 470, 484 (II) (B) (3) (120 SCt 1029, 145 LE2d 985) (2000)). See also *Blackwell*, supra, 306 Ga. at 578; *Collier*, supra, 307 Ga. at 365 (1).

We therefore vacate the trial court's order denying Boone's motion for an out-of-time appeal and remand this case to the trial court for proceedings consistent with this opinion. See *Blackwell*, supra, 306 Ga. at 578.

*Judgment vacated and case remanded with direction. Nahmias, P. J., and Boggs, Peterson, Bethel, Ellington, and McMillian, JJ., concur. Warren, J., not participating.*

3

DECIDED DECEMBER 21, 2020.
Murder. Fulton Superior Court. Before Judge Barwick.
Odeirrek D. Boone, *pro se.*
*Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Richard B. Caplan, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General*, for appellee.