**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS*
*COURT. ALL FILINGS MUST BE SUBMITTED WITHIN*
*THE TIMES SET BY OUR COURT RULES.*

**March 4, 2021**

# In the Court of Appeals of Georgia

A20A1692. MURRAY v. THE STATE.                                DO-059 C

DOYLE, Presiding Judge.

In 2006, Paul K. Murray pleaded guilty to three counts of child molestation, and he was sentenced to 20 years on each count to be served concurrently. On June 21, 2019, Murray moved for an out-of-time appeal, alleging in part that trial counsel was ineffective for failing to advise him of his right to a direct appeal.[1] The trial court

---

[1] Murray initially sought discretionary review of the trial court's August 2019 dismissal of his motion for an out-of-time appeal. Although Murray has filed five prior appeals, all of them were dismissed. See Case Nos. A11A0456 (Nov. 18, 2010), A14A0568 (Feb. 17, 2014), A15D0029 (Sept. 22, 2014), A17A0394 (Oct. 13, 2016), and A17D0492 (June 21, 2017). Because Murray's convictions have not been the subject of a direct appeal, this Court granted his application for discretionary appeal pursuant to OCGA § 5-6-35 (j) and directed him to file his notice of appeal within ten days; Murray did so.

dismissed the motion on August 30, 2019, without holding a hearing.[2] Murray appeals, pro se, and for the reasons that follow, we vacate the dismissal and remand the case for proceedings consistent with this opinion.

"A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued."[3]

> If the constitutional violation alleged by the defendant is ineffective assistance of counsel in providing advice about or acting upon an appeal of right [such as an appeal from the judgment of conviction entered on a guilty plea], that violation is reviewed under the familiar standard of *Strickland v. Washington*.[4] To meet his burden of proving that counsel's ineffectiveness deprived him of his right to an appeal, the criminal defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant.[5]

---

[2] In the dismissal order, the trial court noted that "[t]he issues asserted in the current motion relate to ineffective assistance of counsel and are not matters which can be resolved solely by the facts in the record."

[3] *Collier v. State*, 307 Ga. 363, 364 (1) (834 SE2d 769) (2019).

[4] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

[5] (Punctuation omitted.) *Collier*, 307 Ga. at 364-365 (1).

However, with regard to the deficient performance prong of the *Strickland* test, "we cannot determine whether [Murray's] counsel performed deficiently in failing to file a notice of appeal because the trial court failed to hold an evidentiary hearing on the issue." Accordingly, we must vacate the trial court's order denying [Murray's] motion for an out-of-time appeal and remand this case to the trial court for a determination of whether counsel performed deficiently in failing to inform [Murray] of his right to a direct appeal from his guilty plea."[6]

"We therefore vacate the trial court's order denying Boone's motion for an out-of-time appeal and remand this case to the trial court for proceedings consistent with this opinion."[7]

---

[6] *Boone. v. State*, ___ Ga. ___ (Case No. S21A0171, decided Dec. 21, 2010), quoting *Blackwell v. State*, 306 Ga. 577, 578 (832 SE2d 352) (2010), and citing *Collier*, 307 Ga. at 376 (3). We note that a defendant alleging an ineffective assistance of counsel claim has "to demonstrate not that he would have prevailed in a timely appeal, but only that 'there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'" *Blackwell*, 306 Ga. at 578, quoting *Ringold v. State*, 304 Ga. 875, 881 (823 SE2d 342) (2019). See also *Roe v. Flores-Ortega*, 528 U. S. 470 (120 SCt 1029, 145 LE2d 985) (2000).

[7] *Boone*, ___ Ga. at ___. In its brief, the State recognizes the holding in *Collier*, but argues that because Murray previously filed and then withdrew two habeas corpus actions, he waived his right to an out-of-time appeal. But the trial court dismissed Murray's out-of-time appeal without conducting a hearing, and it did not address the waiver issue in the dismissal order. Accordingly, this issue "[was] not . . . ruled on by the trial court, and we do not consider [it] on appeal." *Cole v. State*, ___ Ga. ___ n. 2 (Case No. S20A1377, decided Dec. 7, 2020), citing *Kennebrew v. State*, 304 Ga. 406,

*Judgment vacated and remanded. McFadden, C. J., and Hodges, J., concur.*

---

408 n. 2 (819 SE2d 37) (2018).