313 Ga. 78
FINAL COPY

S21A1065. BOONE v. THE STATE.

PETERSON, Justice.

Odeirrek Boone pleaded guilty to malice murder and other offenses and appeals from the denial of his motion for out-of-time appeal. Boone, proceeding pro se, briefly references his plea counsel's failure to consult with him regarding his right to appeal, but the bulk of his argument is that plea counsel failed to advise him of his right to withdraw his guilty plea prior to sentencing and, had he been so advised, he would have withdrawn his guilty plea. And in attacking on appeal the court's denial of the motion for out-of-time appeal, Boone now seeks only an opportunity to move to withdraw his guilty plea. But a belated motion to withdraw his guilty plea is not a remedy to which Boone would be entitled even if the court below had granted his motion for out-of-time appeal. We therefore affirm.

Boone was charged with malice murder, three counts of felony

murder, armed robbery, two counts of aggravated assault, theft by taking, and possession of a knife during the commission of a felony in connection with the robbery of a convenience store and the stabbing death of the store owner, Baik Sung. Boone entered into a non-negotiated plea agreement after being advised of the trial rights that he was giving up by pleading guilty, the inability to withdraw his plea once his sentence was announced, and the availability of his post-conviction remedies, including his limited right to appeal his conviction. The issue of Boone's mental health was raised at sentencing for purposes of mitigation, but plea counsel confirmed that Boone had been evaluated and deemed mentally competent. Plea counsel also noted at sentencing that Boone never expressed a desire to go to trial and wanted to accept responsibility for his actions. The trial court entered judgment in June 2012, sentencing Boone to life in prison with the possibility of parole for malice murder, a consecutive ten-year sentence for theft by taking, and a consecutive five-year sentence for possession of a knife during the

commission of a felony.[1]

Almost three years later, in March 2015, Boone filed a pro se motion for leave to file an out-of-time appeal, and filed a brief in support in January 2020, arguing that plea counsel was ineffective by failing to inform him of his rights to withdraw his guilty plea prior to sentencing and to appeal his convictions. The trial court denied Boone's motion without holding a hearing, and we vacated and remanded for the trial court to conduct a hearing on whether Boone is entitled to an out-of-time appeal due to ineffective assistance of plea counsel. See *Boone v. State*, 310 Ga. 651 (853 SE2d 118) (2020).

On remand, plea counsel testified that she was "fairly sure" she did not advise Boone about his right to appeal and it was not her ordinary practice to provide such advice when defendants wanted to

---

[1] The remaining counts were vacated or merged with the malice murder count. Although it appears that the trial court should have also sentenced Boone for armed robbery, "when a merger error benefits a defendant and the State fails to raise it by cross-appeal," we generally do not correct the error, *Dixon v. State*, 302 Ga. 691, 698 (4) (808 SE2d 696) (2017), and decline to do so here.

3

plead guilty. Plea counsel stated that Boone never asked her to file an appeal and that she would have done so if asked. When the State referenced the portion of the plea hearing transcript in which Boone was advised that he had a limited right of appeal, Boone maintained that he was unaware that he had a right to file a notice of appeal. He said that he would have filed an appeal had he been informed of his right because, during the period of his incarceration, he learned that there was a reasonable probability that he was suffering from post-traumatic stress disorder.

The trial court denied Boone's motion for out-of-time appeal, finding that he failed to establish that plea counsel was deficient in failing to advise him of his right to appeal when the record showed that counsel advised him of the consequences of pleading guilty, Boone was advised that he had the right to an appeal, Boone confirmed that he understood that right, and he never asked plea counsel to file an appeal.

On appeal here, Boone refers to plea counsel's failure to advise him of his right to appeal or to withdraw his guilty plea. But Boone

4

makes no real argument that he wanted to appeal and that plea counsel's failure frustrated this right. Instead, Boone argues that plea counsel's deficiencies resulted in his inability to file a timely withdrawal of his guilty plea and that, as a result, the trial court "erred in dismissing [his] Motion [to] Withdraw A Guilty Plea."

A motion for out-of-time appeal is a judicially created remedy for a frustrated right of appeal, allowing a defendant to file an appeal that he otherwise would have pursued but for trial counsel's ineffectiveness. See, e.g., *Terry-Hall v. State*, 312 Ga. 250, 252 (1) (862 SE2d 110) (2021); *Sessions v. State*, 293 Ga. 33, 34 (743 SE2d 391) (2013). But as we recently held, a motion for out-of-time appeal, even if granted, is not a mechanism for pursuing an untimely motion to withdraw a guilty plea. See *Schoicket v. State*, 312 Ga. 825, 829-830 (1) (865 SE2d 170) (2021).

Therefore, even in the unlikely event that Boone's right to appeal was frustrated by plea counsel's alleged deficiencies, a grant of an out-of-time appeal would not entitle Boone to pursue an otherwise-untimely motion to withdraw a guilty plea. See *Schoicket*,

5

312 Ga. at __ (1). Because Boone's appeal seeks only a remedy that is unavailable to him, we affirm.

*Judgment affirmed. All the Justices concur.*

Decided January 19, 2022.

Murder. Fulton Superior Court. Before Judge Barwick.

Odeirrek D. Boone, *pro se*.

*Fani T. Willis, District Attorney, Lyndsey H. Rudder, Richard B. Caplan, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General*, for appellee.