**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN, J. and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

February 26, 2024

# In the Court of Appeals of Georgia

A24A0175. CASKEY v. THE STATE.

BROWN, Judge.

Paul Caskey pleaded nolo contendere to a misdemeanor charge of criminal trespass, OCGA § 16-7-21, for causing damage of $500 or less to the side mirror of a car owned by the victim with whom he had a family relationship as defined under OCGA § 19-13-10. This case arises from a timely filed notice of appeal from the final disposition entered on his plea. He asserts that he received ineffective assistance of counsel in connection with the entry of his plea and with regard to the deadlines to move to withdraw his plea. For the reasons explained below, we remand this case to the trial court with direction.

The record shows that a warrant for Caskey's arrest was issued on March 20, 2023, for his conduct on March 14, 2023. On May 24, 2023, the State filed an accusation against Caskey. On June 8, 2023, Caskey appeared before a State Court of Coweta County judge and initially pleaded not guilty pro se. After determining that Caskey was currently incarcerated and qualified for appointed counsel, the judge appointed counsel for him and advised that counsel would speak with him shortly.

After being provided an opportunity to speak with his newly appointed counsel off the record, Caskey then informed the judge that he wanted to plead nolo contendere. The judge advised Caskey of his various rights in the event he went to trial,[1] and Caskey acknowledged that he understood them. Caskey also acknowledged that he would be giving up these rights by pleading nolo contendere and that the judge could sentence him up to twelve months in jail and a fine up to $1,000. When the judge inquired about whether anyone had made any threats or promises to get him to plead nolo contendere, Caskey replied, "No threats. I don't guess so, Your Honor."

[1] These included the right to plead not guilty, to a speedy and public trial by jury, to see, hear, and cross-examine all of the State's witnesses, to use the power and process of the Court to compel the attendance of any witnesses and the production of any evidence of his own, to not testify or give evidence against himself, and to force the State to overcome his presumption of innocence and prove his guilt beyond a reasonable doubt.

When the judge asked if there was anything Caskey needed to talk with him about, Caskey replied, "I'm just confused about the whole thing but no, sir, let's just go ahead." At this point, the following exchange took place between the judge, Caskey, and Caskey's counsel:

> THE COURT: Counsel, have you explained the essential elements of the charge and other legal principles that might apply?
>
> [DEFENSE COUNSEL]: I have, I have a representation to my client and a request of Your Honor. . . . Your Honor, you already previously ordered him to do 60 days, I believe. We would want concurrent time with any credit that he has already served.
>
> My representation to my client is I went through the fact that the form he is signing says that if he is convicted of a domestic violence offense, that it could prevent him from possessing a weapon or ammunition.[2]
>
> Do you remember me going over that with you telling you that's on the form?
>
> DEFENDANT CASKEY: Yes, I do.
>
> [DEFENSE COUNSEL]: He's entering a nolo so whether they consider that a conviction for those purposes, I told him I did not know. So he is entering this plea and I just wanted to make sure —
>
> You are entering this plea understanding that it could prevent you from possessing a weapon or ammunition, do you understand that?
>
> DEFENDANT CASKEY: Yes.

---

[2] This form states: "I understand by entering a plea to any crime of domestic violence, I will be prohibited from possessing, receiving, shipping and transporting a firearm, and/or ammunition under Federal Law."

Following this exchange, the judge asked the State to proffer the factual basis for the plea, concluded that a factual basis existed for the plea, and found that Caskey "has tendered his plea freely and voluntarily and of his own accord with the full understanding of his legal rights and options so the nolo plea is accepted." The judge sentenced him to "12 months with 60 days to serve in jail concurrently with the time for [Caskey's probation violation in a different case], balance probated."

On July 1, 2023, less than 30 days after Caskey's plea was entered, a new term of court began for the State Court of Coweta County. See OCGA § 15-7-40 ("all trials on the merits shall be conducted at trial terms regularly prescribed by local laws, as now or hereafter amended, creating the individual courts"); Ga. L. 2016, p. 4052 ("The State Court of Coweta County shall have biannual terms beginning on the second day of January and the first day of July in the county site of Coweta County."). On July 5, 2023, Caskey filed two handwritten documents pro se. In the first one he filed, he stated that he "would like to appeal plea to reverse it on 7-8-23 from guilty to not guilty on family violence act mis reverse or overturn. I would like the discovery." In the other filed a couple of hours later, he wrote "I Paul Caskey would like to withdraw my plea from guilty to not guilty that took place at the county jail on

4

6-8-23 due to family violence act mis and have it moved to Veterans Court." Caskey's plea counsel noticed Caskey's pro se filings and filed a more formal notice of appeal on his behalf later the same day. In the notice of appeal, plea counsel noted that a motion for new trial had not been filed and also incorporated by reference Caskey's previous pro se filings.

In a hearing held on July 20, 2023, plea counsel explained that he had been unable to reach Caskey after observing his pro se filings and filed the notice of appeal to preserve Caskey's right to an appeal because the "clock was running." After meeting with Caskey before the hearing, plea counsel advised the trial court that he had learned that Caskey wanted to withdraw his plea based on (1) ineffective assistance of counsel with regard to the loss of his Second Amendment rights and (2) the amount of stress he was under in the jail and his lack of understanding and appreciation of "what he was doing at the time." Based upon the allegation of ineffective assistance by plea counsel, the trial court appointed new counsel for Caskey.

New counsel entered an appearance on behalf of Caskey and has filed a brief on his behalf in this Court. In this brief, Caskey asserts that after plea counsel was appointed, plea counsel

> discussed the case with [him] via a video call and then assisted [him] with entering a plea. . . . As . . . Caskey was incarcerated but not produced in person for the hearing before the trial court, all plea documents were presented to . . . Caskey for review and signature through the Coweta County Sheriff's Office rather than directly through [plea counsel.][3]

Caskey asserts that he received ineffective assistance of plea counsel on various grounds. He points to the failure of the trial court and plea counsel to inform him of his right to move to withdraw his plea, the requirement that he do so within the same term of court, and when the term of court would end. Caskey also asserts that plea counsel should have requested time to address Caskey's questions and concerns before proceeding with the plea after Caskey expressed confusion as to what was

---

[3] We note that the transcript of the plea hearing does not expressly indicate that Caskey was not physically present in the courtroom during the plea hearing. However, the trial court did state, "The record will reflect that Mr. Caskey is currently incarcerated at the Coweta County jail." When the trial court inquired about Mr. Caskey's ability to hire and pay for an attorney, Mr. Caskey stated, "I wanted to hire one but I don't know how I would be able to hire one *in here*, Your Honor." (Emphasis supplied.)

taking place in the plea hearing. Caskey also contends that plea counsel should have researched Caskey's ability to possess a weapon or ammunition before proceeding with the plea. Finally, Caskey argues that he did not have a full understanding of the evidence against him when he entered into his plea because he had not been able to review the discovery. We cannot determine from Caskey's brief if he is asserting that his plea was not entered into knowingly and voluntarily as a result of ineffective assistance of plea counsel or he is merely seeking the remedy of an out-of-time motion to withdraw his appeal as a result of all of his claims of ineffective assistance of counsel. He does contend in his brief that he "would have disposed of his case in a different manner" if plea counsel had engaged in further discussions with him and that with clear legal advice he "may never have entered the plea before the trial court."

1. To the extent Caskey seeks the ability to pursue an out-of-time motion to withdraw his guilty plea as a result of plea counsel's alleged failure to inform him of the deadlines for filing such a motion, such a remedy cannot be given and this aspect of his claim of ineffective assistance of counsel lacks merit. Cf. *Boone v. State*, 313 Ga. 78, 80 (868 SE2d 202) (2022) (even under former case law allowing out-of-time

appeals, the granting of an out-of-time appeal based upon ineffective assistance of counsel "is not a mechanism for pursuing an untimely motion to withdraw a guilty plea"). "[A] defendant seeking to withdraw a guilty plea after the expiration of the term of court in which [he] was sentenced can do so only in habeas." *Schoicket v. State*, 312 Ga. 825, 829 (1) (865 SE2d 170) (2021).

2. With regard to any claim that Caskey's plea was not entered into knowingly and voluntarily as a result of plea counsel's ineffective assistance, we must consider whether this claim has been preserved for review.

> To preserve the issue of ineffective assistance of previous counsel, new counsel must raise the issue at the earliest practicable opportunity of post-conviction review or the issue is waived. . . . Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, our appellate courts remand the case to the trial court for an evidentiary hearing on the issue. . . . Remand is not mandated if we can determine from the record that the defendant cannot establish ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

(Citations and punctuation omitted.) *Ruiz v. State*, 286 Ga. 146, 148-149 (2) (b) (686 SE2d 253) (2009). In this case, the claim for ineffective assistance has been made at

the earliest opportunity. See *Davis v. State*, 301 Ga. 658, 659 (802 SE2d 246) (2017). Accordingly, we must remand unless we can determine from the record before us that Caskey cannot establish ineffective assistance of counsel under the two-prong test set forth in *Strickland.*

A defendant who seeks to overturn a plea conviction "because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citation and punctuation omitted.) *Mahone v . State*, 317 Ga. App. 597, 598 (731 SE2d 797) (2012). When considering claims for ineffective assistance of counsel, this Court "accept[s] the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Brown v. State*, 302 Ga. App. 515, 516-517 (1) (692 SE2d 386) (2010). Here, no evidence has been developed with regard to Caskey's claim of ineffective assistance, including whether his right to possess guns or ammunition was in fact impeded by his nolo contendere plea, the nature of his confusion during the plea process, what discovery would have been provided for his review, whether Caskey was

present in open court when he pleaded guilty,[4] the specifics of any assistance provided to Caskey by sheriff's deputies in connection with his plea, and the impact of any of the foregoing on his decision to plead nolo. Without a better developed record, we cannot determine that Caskey cannot establish ineffective assistance of counsel in connection with his decision to plead nolo. We therefore remand this case to the trial court to hold a hearing and rule on Caskey's ineffective assistance of counsel claim as it relates to his decision to plead nolo, after which Caskey may appeal from any denial of such claim. See *Collier v. State*, 307 Ga. 363, 367-368 (1) (834 SE2d 769) (2019) (clarifying that *right* to direct appeal from plea is not limited to cases where issues on appeal can be resolved by facts appearing in the record); *Kennedy v. Kohnle*, 303 Ga. 95, 100 (2) (a) (810 SE2d 543) (2018) (whether a plea gives rise to a direct or collateral consequence, a claim of ineffective assistance of counsel in connection with the plea must be evaluated under the two-prong test set forth in *Strickland*). Nothing in this

---

[4] See Uniform State Court Rule 33.1 (A) ("A defendant may plead guilty, not guilty, or in the discretion of the judge, nolo contendere. A plea of guilty or nolo contendere should be received only from the defendant personally in open court. . . . In misdemeanor cases, upon the request of a defendant who has made, in writing, a knowing, intelligent and voluntary waiver of his right to be present, the court may accept a plea of guilty in absentia.").

opinion should be construed as an expression of an opinion as to the merits of Caskey's claim of ineffective assistance on remand.

*Case remanded with direction. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*